J-S92034-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MASTR ASSET BACKED SECURITIES TRUST 2006-ABI, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| ALAN M. MURDOCH AND CORRINE C. MURDOCH, | : : : | |
| Appellants | : | No. 883 WDA 2016 |

Appeal from the Order May 19, 2016
in the Court of Common Pleas of Washington County
Civil Division, at No(s): 2013-01497

BEFORE:   SHOGAN, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 07, 2017**

Alan M. and Corrine C. Murdoch (the Murdochs) appeal from the May 19, 2016 order that granted the motion for summary judgment filed by U.S. Bank National Association, as trustee for MASTR Asset Backed Securities Trust 2006-ABI (U.S. Bank), in this mortgage foreclosure action.  We affirm.

In September 2005, the Murdochs executed a mortgage in favor of Wells Fargo Bank, N.A., on property located in McMurray, Washington County, Pennsylvania.  In August 2007, the Murdochs stopped making their monthly payments.  Wells Fargo assigned the mortgage to U.S. Bank, which notified the Murdochs of its intention to foreclose.  U.S. Bank filed a complaint in mortgage foreclosure in March 2013.  The trial court ultimately

_____
*Retired Senior Judge assigned to the Superior Court.

granted U.S. Bank's motion for summary judgment by order of May 19, 2016.

The Murdochs timely filed a notice of appeal. By order served on June 21, 2016, the trial court ordered the Murdochs to file a concise statement of errors complained of on appeal within 21 days. The Murdochs filed their statement 22 days later, on Tuesday, July 13, 2016.

> Our Supreme Court [has held] that failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention. Indeed, our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b): [A] bright-line rule eliminates the potential for inconsistent results that existed [previously], when ... appellate courts had discretion to address or to waive issues raised in non-compliant Pa.R.A.P. 1925(b) statements. Succinctly put, it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.

*Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (quotation marks, citations, and emphasis omitted). "[E]ven if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived." *Id.* at 225.

The Murdochs acknowledge that their 1925(b) statement was filed on July 13, 2016; however, they claim that this was "exactly 21 days" after the order was served on June 21, 2016. The Murdochs' Reply Brief at 4. Their math is wrong: as there are 30 days in June, the 21st day after June 21 was

in fact July 12. Accordingly, we are constrained to conclude that the Murdochs have waived all of their issues on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/7/2017