J-S84034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-HY6 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY6 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RICHARD H. BROOKS, JR., | |
| Appellant | No. 1362 EDA 2016 |

Appeal from the Order Entered April 1, 2016
in the Court of Common Pleas of Northampton County Civil Division
at No(s): C-48-CV-2012-2395

BEFORE: OLSON, SOLANO, and FITZGERALD,* JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED APRIL 24, 2017**

Appellant, Richard H. Brooks, Jr., appeals from the order of the Northampton County Court of Common Pleas granting summary judgment in favor of Appellee, The Bank of New York Mellon, in this mortgage foreclosure action. Appellant argues that he submitted a complete loss mitigation application, that Appellee's servicer failed to respond properly, and that Appellee violated 12 C.F.R. § 1024.41(g) by moving for summary judgment. We remand for a determination under Pa.R.A.P. 1925(c)(1) as to whether

---

* Former Justice specially assigned to the Superior Court.

Appellant timely filed his Pa.R.A.P. 1925(b) statement of errors complained of on appeal ("Rule 1925 statement").

On April 1, 2016, the trial court entered summary judgment in favor of Appellee. On April 28, 2016, Appellant timely appealed to this Court. On Tuesday, May 3, 2016, the trial court ordered Appellant to file a Rule 1925 statement "no later than twenty-one (21) days from the date of this [o]rder." Order, 5/3/16. The order stated that "failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling, or other matter complained or, pursuant to Pa.R.A.P. 1925(b)." *Id.* The docket states that the prothonotary docketed and served the order on all parties on May 3, 2016.

On Wednesday, May 25, 2016, one day after expiration of the twenty-one day response period, the prothonotary time-stamped and docketed Appellant's Rule 1925 statement.[1] The record contains no indication that Appellant sought, or that the trial court granted, an extension of time for filing.

Notably, the certificate of service attached to the Rule 1925 statement indicates that counsel for Appellant mailed this document on May 23, 2016— **within** the response period—from Bethlehem, Pennsylvania.

---

[1] Succinctly stated, the Rule 1925 statement asserts that Appellee is barred from seeking judgment in its foreclosure action because it failed to follow the loss mitigation requirements in Regulation X of the Real Estate Settlement Procedures Act, 12 C.F.R. § 1024.41(g).

Although Appellee does not challenge the timeliness of Appellant's Rule 1925 statement, we must inquire *sua sponte* whether Appellant has complied with Rule 1925. *See Greater Erie Industrial Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 223 n.3 (Pa. Super. 2014) (*en banc*) (citations omitted). Barring extraordinary circumstances, the untimely filing of a Rule 1925 statement in a civil case constitutes waiver of all issues on appeal. *Id.*; Pa.R.A.P. 1925(b)(3)(iv).

Rule 1925(b) provides in relevant part:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> (1) *Filing and service.*—Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).
>
> (2) *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental statement to be filed. In extraordinary circumstances, the

judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc.*

(3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(1)-(3). Furthermore, Rule 1925(c)(1) provides: "An appellate court may remand in either a civil or criminal case for a determination as to whether a Statement had been . . . timely filed . . . ." Pa.R.A.P. 1925(c)(1).

Our decision in *Presque Isle* is instructive—although, as discussed below, it is distinguishable in one critical respect. The trial court in *Presque Isle* directed the appellant to file its Rule 1925 statement within twenty-one days. *Presque Isle*, 88 A.3d at 226. On the twenty-first day, the appellant mailed its Rule 1925 statement to the court. *Id.* The prothonotary docketed the Rule 1925 statement three days after expiration of the twenty-one day period. *Id.* The appellant did not seek, nor did the trial court grant, an extension of time within which to file the Rule 1925 statement. *Id.* The appellant also failed to present a certificate of mailing that verified

- 4 -

the date it mailed the Rule 1925 statement to the court. *Id.* Consequently, we held that the appellant waived all issues on appeal due to the "unequivocal" untimeliness of the Rule 1925 statement. *Id.* at 227 n.7.

We further reasoned:

> The proof of service attached to [the appellant]'s Rule 1925(b) statement was dated February 3, 2012. *See* [the appellant]'s Rule 1925(b) Statement Proof of Service, 2/6/2012, at 1 (unpaginated). Pa.R.C.P. 205.1 provides: "Any legal paper not requiring the signature of, or action by, a judge prior to filing may be delivered or mailed to the prothonotary . . . . A paper sent by mail shall not be deemed filed until received by the appropriate officer." Pa.R.C.P. 205.1. Additionally, Pa.R.A.P. 121 provides: "Filing may be accomplished by mail addressed to the prothonotary, but . . . filing shall not be timely unless the papers are received by the prothonotary within the time fixed for filing." Pa.R.A.P. 121(a) . . . Even assuming, *arguendo,* that [the appellant] mailed a copy of its Rule 1925(b) statement on February 3, 2012, it has failed to comply with Pennsylvania statute and case law by failing to file that statement until February 6, 2012. Regardless of the date listed on its proof of service, [the appellant] failed timely to file its Rule 1925(b) statement.

*Id.* at 226 n.5. Finally, we noted that Rule 1925(c)(1) authorized us to "remand [in a civil case] for a determination as to whether a [Rule 1925(b)] Statement had been . . . timely filed . . . ." *Id.* at 227 n.7 (citing Pa.R.A.P. 1925(c)(1)). We determined, however, that remand was unnecessary, because the record "unequivocal[ly]" established that the Rule 1925 statement was mailed on the final day of the twenty-one day period and thus did not reach the prothonotary until after the deadline. *Id.*

The present case is distinguishable from **Presque Isle** because the record does not **unequivocally** establish that Appellant's Rule 1925 statement is untimely. The certificate of service indicates that counsel for Appellant mailed the Rule 1925 statement one day **before** the twenty-one day deadline. Thus, it is possible that the prothonotary received the Rule 1925 statement on the twenty-first day, within the deadline. **See Presque Isle**, 88 A.3d at 226 n.5 (Rule 1925 statement is timely filed if prothonotary receives it within time fixed for filing).

Accordingly, we remand this case under Rule 1925(c)(1) and direct the trial court, within the next forty-five days, to enter an order determining whether Appellant timely filed his Rule 1925 statement. If necessary, the court shall order discovery,[2] convene an evidentiary hearing,[3] and/or enter findings of fact and conclusions of law. We will then take all other necessary steps to resolve this appeal.

---

[2] **Cf. Griffin v. Central Sprinkler Corp.**, 823 A.2d 191 (Pa. Super. 2003) (reversing entry of summary judgment in favor of defendant on basis of statute of limitations, where deposition of deputy prothonotary established genuine issue of material fact as to whether prothonotary received plaintiff's praecipe for writ of summons before expiration of statute).

[3] An evidentiary hearing will not be necessary if Appellant produces "a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c)." Pa.R.A.P. 1925(b)(1). Production of any such form that establishes a timely date of deposit will make Appellant's Rule 1925 statement timely as a matter of law.

Case remanded for proceedings consistent with this memorandum. Jurisdiction retained.

Judge Olson joins the Memorandum.

Judge Solano Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2017