J-S94025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| RONALD WILLIAM NEETZ | |
| Appellant | No. 752 MDA 2016 |

Appeal from the Judgment of Sentence February 22, 2016
in the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000233-2015

BEFORE: LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY RANSOM, J.:                     **FILED MAY 30, 2017**

Appellant, Ronald William Neetz, appeals from the judgment of sentence entered February 22, 2016. We affirm.

On December 17, 2015, a jury convicted Appellant of failure to comply with registration of sexual offender requirements. *See* 18 Pa.C.S. § 4915.1. On February 22, 2016, Appellant received a mandatory minimum sentence of three years to six years of incarceration. Appellant timely filed a post sentence motion for judgment of acquittal, which the court denied April 29, 2016.

Appellant timely appealed. By order dated May 20, 2016, and docketed May 23, 2016, the court ordered Appellant to file a concise

_____

[*] Former Justice specially assigned to the Superior Court.

statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Accordingly, Appellant's statement was due on or before June 13, 2016. Appellant filed his statement of errors complained of on appeal on July 12, 2016.

Our Supreme Court has reaffirmed the bright-line rule requiring Appellants to comply with trial court orders for a Pa.R.A.P. 1925(b) statement. **See Commonwealth v. Castillo**, 88 A.2d 775, 780 (Pa. 2005). Any issue not included in a Rule 1925(b) statement is deemed waived. **Id.** Further, an *en banc* panel of this Court has held that it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement; whenever a trial court orders an appellant to file a concise statement of errors complained of on appeal, the appellant *must* comply in a timely manner. **See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224-25 (Pa. Super. 2014) (*en banc*) (emphasis in original).

Here, the record reflects that on May 23, 2016, the trial court issued an order in technical compliance with Pa.R.A.P. 1925(b), requiring Appellant to file a statement no later than twenty-one days after the entry of the order. **See** Concise Statement Order, 5/20/16, at 1. The order provided that any issue not properly included in the statement timely filed and served pursuant to [Pa.R.A.P.] 1925(b) would be deemed waived. **Id.** Appellant filed his statement on July 12, 2016, which was a full thirty days late.

As Appellant did not timely file his Rule 1925(b) statement, he has failed to comply with the minimal requirements of Pa.R.A.P. 1925(b). Consequently, he has waived all of his issues on appeal, and we may not address the merits of his claims. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Greater Erie Indus. Dev. Corp.**, 88 A.3d at 224-225.

Judgment of sentence affirmed.

Judge Lazarus joins the memorandum.

Justice Fitzgerald files a concurring memorandum.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/30/2017