J-S47017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT E. NYGAARD, JR. AND JANET J. NYGAARD, HIS WIFE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| JOHN KURTICK AND LOTTIE KURTICK, HIS WIFE | |
| | No. 6 EDA 2017 |

Appeal from the Order Entered November 21, 2016
In the Court of Common Pleas of Pike County
Civil Division at No(s): 365-CV-1999

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:          **FILED DECEMBER 08, 2017**

Robert E. Nygaard, Jr. and Janet J. Nygaard appeal from the November 21, 2016 order of the Pike County Court of Common Pleas denying their motion for leave to file an amended complaint and ordering the matter closed due to docket inactivity under Pike County Local Rule 230.2.  We affirm.

On July 14, 2016, the Nygaards filed a motion for leave to file an amended complaint, 17 years after the filing of their initial complaint and 12 years after the last docketed activity in the case.  On November 21, 2016, the trial court denied the Nygaards' motion and ordered the matter closed.  On December 19, 2016, the Nygaards filed a timely notice of appeal with this Court.

On December 21, 2016, the trial court ordered the Nygaards to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement no later than 21

days after entry of the order. The order also notified the Nygaards that failure to comply may result in the waiver of issues on appeal. The docket shows that the Rule 1925(b) notice was mailed to the Nygaards on the same date.

Also on December 21, 2016, the Nygaards filed a petition to open judgment with the trial court. On January 3, 2017, the trial court entered an order staying consideration of the petition due to the pending appeal. On February 6, 2017, the trial court issued a Rule 1925(a) statement, in which it asked this Court to find all issues waived for the Nygaards' failure to file a Rule 1925(b) statement.

When a trial court orders an appellant to file a Rule 1925(b) statement, he or she must comply in a timely manner. **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005). An appellant's failure to comply with a Rule 1925(b) order will result in waiver of all issues on appeal. **Id.**; **see Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224-25 (Pa.Super. 2014) (*en banc*); Pa.R.A.P. 1925(b)(4)(vii).

The record shows that on December 21, 2016, the trial court ordered the Nygaards to file a Rule 1925(b) statement within 21 days and that they did not file such a statement.[1] Because the Nygaards failed to file a Rule 1925(b) statement, we conclude that they have waived all issues on appeal.

_____

[1] In their brief, the Nygaards claim that the trial court's January 3, 2017 order staying the proceedings precluded them from filing a Rule 1925(b) statement. **See** Nygaards' Br. at 11-12. This argument is specious. The trial court issued the January 3, 2017 order in response to the Nygaards' filing of a petition to open judgment, which the trial court lacked jurisdiction to

Order affirmed.

Judge Lazarus joins the memorandum.

President Judge Emeritus Ford Elliott concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2017

_____

consider due to the pending appeal. Although the order stated that "any further action" was stayed, it is evident that the trial court intended to stay any action relating to the Nygaards' petition to open judgment, not any action relating to the appeal.