J-S61016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CITIMORTGAGE, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS A. ORMAN AND LESLIE E. ESPOSITO-ORMAN | : | |
| | : | |
| | : | No. 302 EDA 2017 |
| Appellants | : | |

Appeal from the Order October 12, 2016
In the Court of Common Pleas of Chester County Civil Division at No(s):
2015-00647-RC

BEFORE:   LAZARUS, J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY RANSOM, J.:                    **FILED JANUARY 02, 2018**

In this mortgage foreclosure action, Leslie E. Esposito-Orman and Thomas A. Orman appeal from the order entered October 12, 2016, granting CitiMortgage, Inc. summary judgment and awarding it judgment *in rem* for $179,601.00, plus interest and costs.  We affirm.

The following statement of procedural and factual history is garnered from the trial court opinion and the record.  Trial Court Opinion, 5/2/2017.  In May 2007, Appellants executed a mortgage and promissory note to MortgageIT, Inc. in the original principal amount of $140,000.00.  In June 2007, Mortgage Electronic System ("MERS") was recorded as a nominee for MortgageIT, Inc.   Thereafter, the mortgage was assigned by MERS to CitiMortgage, Inc., as recorded by the Chester County Recorder of Deeds in

_____
* Retired Senior Judge assigned to the Superior Court.

Mortgage Book 8533, Page 858. In December 2010, Appellants defaulted under the mortgage by failing to make payments due.

From January 2011 to June 2015, the Appellants engaged in litigation against Appellee in the United States District Court for the Eastern District of Pennsylvania and the Court of Common Pleas of Chester County. *See Orman, et al. v. Citimortgage, et al.*, Civ. A. No. 15-3432 (E.D. Pa. 2016); *Orman, et al. v. MortageIT et al.*, Civ. A. No. 11-3196 (E.D. Pa. 2012); *Orman v. MortgageIT et al.*, Civ. A. No. 12-04352-RC (C.P. Ches. Cty. 2012); *Orman, v. MortgageIT, et al.*, Civ. A. No. 11-00139 (E.D. Pa. 2011).

In January 2015, Appellee filed a complaint in mortgage foreclosure. Following a number of pleadings, and Appellants' premature appeal to this Court,[1] in February 2016, Appellee filed a motion for summary judgment. Appellants failed to timely file a response. In April 2016, Appellants filed a pleading styled as preliminary objections. Appellee filed a response thereto, and Appellants filed a sur-reply. In August 2016, Appellants filed their response to Appellee's motion for summary judgment. On October 12, 2016, judgment was entered in favor of Appellee in the amount of $179,601.00, with interest from January 2015 at the rate of $21.88 per diem, plus costs and charges collectible under the mortgage for foreclosure and sale of the mortgaged premises.

_____

[1] This appeal, docketed at 424 EDA 2016, was quashed as Appellants purported to appeal from orders of the trial court where the underlying complaint had yet to be disposed of.

In November 2016, Appellants timely filed the instant appeal. The lower court ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). *See* Pa.R.A.P. 1925(b) Order, 11/17/2016. The order directed Appellants to "file of record and serve a statement of [e]rrors [c]omplained of on [a]ppeal no later than twenty-one (21) days after the entry of this order." *Id*. Appellants untimely filed a 1925(b) statement in February 2017. *See* Concise Statement of Matters Complained of on Appeal, 2/1/2017. The trial court issued a responsive opinion, which recommended quashal due to Appellants' failure to comply with the court's 1925(b) order.

Appellants present twelve issues on appeal; however, the untimely filing of Appellants' 1925(b) statement precludes our review, as all of the issues are waived. It is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement; whenever a trial court orders an appellant to file a concise statement of errors complained of on appeal, the appellant *must* comply in a timely manner. *See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224–25 (Pa. Super. 2014) (*en banc*) (emphasis in original).

Here, the record reflects that on November 17, 2016, the trial court issued an order in technical compliance with Pa.R.A.P. 1925(b), requiring Appellants to file a statement no later than twenty-one days after the entry of the order. *See Commonwealth v. Castillo*, 88 A.2d 775, 780 (Pa. 2005). The order also provided that "any issue not properly included in the statement

timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." Pa.R.A.P. 1925(b) Order, 11/17/2016. Finally, the docket indicates that the prothonotary provided Appellants written notice of the entry of the order on February 8, 2016. *See* Chester Cty. Civil Docket No. 2015-00647-RC; *see also Greater Erie Indus. Dev. Corp.*, 88 A.3d at 226 (requiring strict compliance with notice requirements); Pa.R.C.P. 236(a). Nevertheless, Appellants filed their statement on February 1, 2017, more than seventy days late.

Appellants have patently failed to comply with the minimal requirements of Pa.R.A.P. 1925(b). Accordingly, all of their issues are waived on appeal, and we may not address the merits of the numerous claims. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Greater Erie Indus. Dev. Corp.*, 88 A.3d at 224–25.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/2/2018

- 4 -