J-S43009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RONALD GEISWITE, JR., AND IRENE MCALLISTER-GEISWITE, AND MRI INVESTORS, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellees | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL BROPHY | : | |
| | : | |
| Appellant | : | No. 2098 MDA 2018 |

Appeal from the Judgment Entered March 14, 2019
In the Court of Common Pleas of Northumberland County
Civil Division at No(s):  CV-15-1373

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.E.:      **FILED SEPTEMBER 10, 2019**

Appellant, Michael Brophy, appeals from the judgment entered in the Northumberland County Court of Common Pleas, in favor of Appellees Ronald Geiswite, Jr., and Irene McAllister-Geiswite, and MRI Investors, LLC.   On November 20, 2013, Appellees Mr. and Mrs. Geiswite entered into an operating agreement with Appellant for their business, MRI Investors, LLC. The purpose of the LLC was to purchase and renovate a building into three upstairs residential units and a downstairs commercial use property.  On July 23, 2015, Appellees filed a complaint against Appellant for, *inter alia*, dissolution of the LLC and damages.  After a bench trial, the court issued a verdict on October 10, 2018, which was entered on the docket on November 2, 2018, for Appellees in the amount of $114,925.89, and for Appellant in the

_____
* Former Justice specially assigned to the Superior Court.

amount of $14,519.37. On November 13, 2018, Appellant timely filed a post-verdict motion.[1] Appellant filed a premature notice of appeal on November 30, 2018. On March 14, 2019, Appellees filed a *praecipe* for entry of judgment on the verdict, which the court entered that day.[2] By order docketed April 1, 2019, the court ordered Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b). Appellant filed his concise statement on April 26, 2019.

Preliminarily, we observe as a general rule, in civil cases, the appellant's failure to comply with the minimal requirements of Rule 1925(b) will result in automatic waiver of the issues raised on appeal. ***Greater Erie Indus.***

---

[1] The court was closed for Veterans' Day on Monday, November 12, 2018. Appellant timely filed his post-verdict motion on the next business day. ***See*** 1 Pa.C.S.A. § 1908 (explaining if last day of any period for computation of filing date falls on Saturday or Sunday, or any legal holiday, that day shall be omitted from computation). Also, Appellant's styling of his post-verdict motion as a "motion for reconsideration" does not matter in this case. ***See Scioli Turco, Inc. v. Prioleau***, 207 A.3d 346, 349 n.2 (Pa.Super. 2019) (stating post-trial motion, titled as "motion for reconsideration" qualifies as motion for post-verdict relief per Pa.R.C.P. 227.1).

[2] ***See*** Pa.R.C.P. 227.4(b) (stating prothonotary shall, upon *praecipe* of party, enter judgment on verdict if court does not enter order disposing of timely filed post-trial motions within 120 days). Further, an appeal ordinarily lies from the entry of judgment, not from the order denying post-trial motions. ***See generally Johnston the Florist, Inc. v. TEDCO Constr. Corp.***, 657 A.2d 511 (Pa.Super. 1995) (*en banc*). Nevertheless, a final judgment entered during the pendency of an appeal is sufficient to perfect appellate jurisdiction. ***Drum v. Shaull Equipment and Supply, Co.***, 787 A.2d 1050 (Pa.Super. 2001), *appeal denied*, 569 Pa. 693, 803 A.2d 735 (2002). Appellant's notice of appeal was premature when filed, but it related forward to March 14, 2019, the date final judgment was entered. ***See*** Pa.R.A.P. 905(a) (stating: "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"). Hence, there are no jurisdictional impediments to our review.

***Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224-25 (Pa.Super. 2014) (*en banc*) (holding appellant waived all issues on appeal where appellant submitted court-ordered Rule 1925(b) statement three days late, without court-ordered extension).  Nevertheless, Rule 1925 allows this Court to remand in civil cases to cure defects in Rule 1925 practice, "upon application of the appellant and for good cause shown…for the filing *nunc pro tunc* of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion."  ***See*** Pa.R.A.P. 1925(c)(2).

Instantly, by order entered on April 1, 2019, with copies sent to the appropriate parties, the court directed Appellant to file a Rule 1925(b) statement within 21 days.  Although due on Monday, April 22, 2019, Appellant did not file his statement until Friday, April 26, 2019, four days late.  The certified record contains no request for or grant of an extension of time to file the statement.  Also, Appellant provided no excuse on appeal for his untimely filing.  Likewise, Appellant did not file in this Court an application based on "good cause" for *nunc pro tunc* relief.  ***See id.***  Thus, Appellant waived his issue on appeal.  ***See Presque Isle Downs, Inc., supra***.  Accordingly, we affirm.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/10/2019