J-S65024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PATRICK DOYLE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FOSTER MARVIN, EXECUTOR OF THE | : | No. 395 MDA 2019 |
| ESTATE OF WANDA A. MARVIN, | : | |
| DECEASED AND LUKE A. OSBORN | : | |
| AND LEAH KATHRYN TAYLOR | : | |

Appeal from the Order Entered, February 6, 2019,
in the Court of Common Pleas of Tioga County,
Civil Division at No(s):  178 CV 2018.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:   **FILED: DECEMBER 23, 2019**

Patrick Doyle appeals from the order granting Foster Marvin (Executor of the Estate of Wanda A. Marvin) judgment on the pleadings in this equity action, seeking specific performance of a contract for the sale of realty.

Mr. Doyle timely filed this appeal on March 8, 2019, and, five days later, the trial court ordered him to file a concise statement of matters complained of on appeal within 21 days.  *See* Trial Court 1925(b) Order, 8/31/19.  Mr. Doyle failed to comply with that Order.  The trial court and Mr. Marvin contend this constitutes waiver of all of Mr. Doyle's appellate issues under Pennsylvania

_____

[*] Retired Senior Judge assigned to the Superior Court.

Rule of Appellate Procedure 1925. **See** Trial Court 1925(a) Opinion, 5/3/19; **see also** Marvin's Brief at 4.

Rule 1925 is very strict and very clear. When a trial court orders an appellant to file a concise statement of matters complained of on appeal, that statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

When a trial court orders the filing of a 1925(b) statement, that directive must be followed to preserve issues for appellate review. **See, e.g., Hess v. Rothschild**, 925 A.2d 789, 803 (Pa. Super. 2007). The Supreme Court of Pennsylvania has established a bright-line rule that "failure to comply with the court order will result in **automatic waiver** of all issues on appeal." **Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. 2005) (emphasis added).

Mr. Doyle attempts to blur the bright-line rule of **Greater Erie**. He argues that his "counsel was unaware of the [trial court's 1925(b) Order], as the order had been placed into a single envelope concerning an unrelated case." Doyle's Reply Brief at 3. Thus, Mr. Doyle does not assert the trial court failed to mail the order, but merely that his attorney did not read his mail from the court. He cites to no case law in support of his theory, and we deem this an invalid excuse for not complying with the trial court's 1925(b) Order.

Mr. Doyle also believes that no prejudice resulted by his failure to file a 1925(b) statement, because the appellees could have reasonably predicted what issues he would raise on appeal. "Appellant's untimely filing of the Pa.R.A.P. 1925(b) statement did not disadvantage any of the parties from the lack of information as to the issues to be brought on appeal, as the parties were aware of the issues throughout the litigation." Doyle's Reply Brief at 4.

Mr. Doyle misapprehends the purpose of Rule 1925. The Rule is not concerned with providing notice to the appellees. Instead, the Rule is for the benefit of the trial judge who issued the 1925(b) Order necessitating the statement and the appellate courts. This Rule allows the trial court to author a cogent 1925(a) Opinion analyzing the appellant's claims of error and thereby permitting the higher courts to conduct a meaningful appellate review of the trial court's reasoning on each of those issues. Without a 1925(b) statement, Mr. Doyle handicapped both the trial court and this Court. He deprived the trial court of the opportunity to answer his claims of errors, and he deprived us of the opportunity to appraise the correctness of those answers.

We therefore order that the three appellate issues raised in Mr. Doyle's appellate brief are DISMISSED as waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/23/2019