J-A18025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOE MYERS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY F. MCCUNE, JOSEPH H. | : | No. 1892 WDA 2019 |
| CHIVERS, JOHN/JACK W. MURTAGH | : | |
| JR., GRAYDON BREWER, CARL V. | : | |
| NANNI, JACK LEWIS, JIM | : | |
| GALLAGHER, HANK LEYLAND, GREG | : | |
| LOVERICK, EDWARD TASSEY, AK | : | |
| STEEL ET AL, UAW (FORMERLY | : | |
| BUTLER ARMCO INDEPENDENT | : | |
| UNION). | : | |

Appeal from the Order Entered November 21, 2019
In the Court of Common Pleas of Butler County Civil Division at No(s):
A.D. No. 19-10516

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED JUNE 25, 2020**

Appellant, Joe Myers, appeals *pro se* from the November 21, 2019 Order

entered in the Butler County Court of Common Pleas sustaining the

Preliminary Objections filed by all defendants, and dismissing Appellant's

Complaint with prejudice.  We affirm.

On May 29, 2019, Appellant filed *pro se* a Complaint against the

defendants arising from his April 10, 2001 termination by his prior employer

AK Steel.[1, 2]  The defendants filed Preliminary Objections, and, on October 22, 2019, the trial court held oral argument on them.  Following oral argument, on November 21, 2019, the trial court sustained the Preliminary Objections and dismissed the case with prejudice.

On January 7, 2020, the trial court issued an Order directing Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) within 20 days of entry of the Order.  The Order stated that "the failure of [Appellant] to timely file a concise statement means that he has not preserved any issues for appellate review."[3]  Order 1/7/20.  Accordingly, the trial court's order required Appellant to file his Rule 1925(b) statement by January 27, 2020.

On February 4, 2020, the trial court issued its Rule 1925(a) Opinion indicating that Appellant had failed to file a Rule 1925(b) Statement and had,

_____

[1] In its November 21, 2019 Opinion in support of its Order sustaining the defendants' Preliminary Objections, the trial court characterized Appellant's Complaints as "largely indecipherable in terms of presenting a factual or legal basis for a claim against any of the [d]efendants."  Opinion, 11/21/19, at 1.

[2] In 2004, Appellant unsuccessfully pursued claims arising from his termination in both the state and federal courts.

[3] The trial court docket indicates that the trial court's Rule 1925 Order was dated January 2, 2020, filed on January 6, 2020, and served on January 7, 2020.

thus, failed to preserve any issues for appellate review. Two days later, on February 6, 2020, Appellant filed an untimely Rule 1925(b) Statement.[4]

We conclude that Appellant waived any issues on appeal when he failed to file a timely Rule 1925(b) Statement. ***See***, ***e.g.***, ***Greater Erie Indus. Devel. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 227 (Pa. Super. 2014) (*en banc*) (finding appellate issues waived were appellant failed to file timely Rule 1925(b) statement).

Order affirmed.[5]

_____

[4] Appellant's sprawling 55-page Rule 1925(b) Statement is an inarticulate reiteration of the claims he advanced in his prior pleadings.

[5] In light of our disposition, we deny Appellant's June 10, 2020 "Application for Relief" requesting that this Court reschedule oral arguments and "Appellant's Demur of Recent Orders."

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/25/2020