GREATER ERIE INDUSTRIAL
DEVELOPMENT CORPO-
RATION, Appellee

v.

PRESQUE ISLE DOWNS,
INC., Appellant.

Superior Court of Pennsylvania.

Argued Nov. 19, 2013.
Filed March 11, 2014.

Michael E. Flaherty, Pittsburgh and Frederick P. Santarelli, Blue Bell, for appellant.

W. Patrick Delaney, Erie, for appellee.

BEFORE: BENDER, P.J., FORD ELLIOTT, P.J.E., BOWES, J., GANTMAN, J., DONOHUE, J., ALLEN, J., LAZARUS, J., OTT, J., and WECHT, J.

OPINION BY WECHT, J.

Presque Isle Downs, Inc. ("Presque Isle") appeals from the December 14, 2011 order entering summary judgment against it and in favor of the Greater Erie Industrial Development Corporation ("GEIDC"). After careful review, we are constrained to conclude that Presque Isle has waived all of its claims. Presque Isle failed to comply timely with the trial court's order directing it to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). Consequently, we must affirm the trial court's December 14, 2011 order.

A thorough review of the underlying facts and procedural history in this case is unnecessary. On July 20, 2005, Presque Isle entered into an agreement to sell real property to GEIDC. On October 11, 2005, the parties closed on the sale. On October 1, 2009, GEIDC filed a complaint in civil action against Presque Isle, alleging $600,000 in damages. The claim related to Presque Isle's non-performance of an alleged contractual obligation to provide clean fill dirt to GEIDC as part of the real property sale. On December 14, 2011, the trial court entered the underlying order granting summary judgment to GEIDC.

On January 12, 2012, Presque Isle filed a timely notice of appeal. That same day, the trial court ordered Presque Isle to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). *See* 1925(b) Order, 1/12/2012, at 1. The trial court's order provided that Presque Isle was to "file of record and serve upon this Court a [c]oncise [s]tatement . . . with-

in twenty-one (21) days of the date of this Order." *Id.*[1] Presque Isle untimely filed its Rule 1925(b) statement on February 6, 2012.[2] *See* Appellant's Concise Statement of Errors Complained of on Appeal, 2/6/2012, at 1. Nevertheless, the trial court accepted Presque Isle's untimely statement and, on February 14, 2012, the trial court issued an opinion pursuant to Pa. R.A.P. 1925(a). *See* Order, 2/14/2012.

On April 8, 2013, a panel of this Court unanimously affirmed the trial court's holding. On April 22, 2013, Presque Isle filed an application for reargument before an *en banc* panel of this Court. On June 17, 2013, we granted Presque Isle's application for reargument.

Presque Isle raises three issues challenging the trial court's grant of summary judgment. However, before addressing the merits of Presque Isle's claims, we must evaluate whether Presque Isle properly has preserved those issues for our review, as required by Pa.R.A.P. 1925(b).[3] *See Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775, 780 (2005) (finding that appellant waived all his claims on appeal for untimely filing his Rule 1925(b) statement) (citing *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306, 309 (1998) ("[F]rom this date forward . . . [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.")); *see also* Pa.R.A.P.1925(b)(4)(vii).

---

1. The last day of the filing deadline imposed by the trial court was February 3, 2012. That date did not fall on a weekend or a court holiday. *See* Pa.R.C.P. 106(b).

2. The filing date stamped on Presque Isle's Rule 1925(b) statement matches the date listed on the Superior Court docket.

3. "Upon the grant of *en banc* reargument, this Court [is] free to raise *sua sponte* whether Appellant's failure to comply with Rule 1925 waived all appellate issues." *Commonwealth v. Lane,* 2013 PA Super 312, at *6, 81 A.3d 974 (Pa.Super. December 4, 2013) (citing *Commonwealth v. Butler,* 571 Pa. 441, 812 A.2d 631, 634 (2002)).

Our Supreme Court intended the holding in *Lord* to operate as a bright-line rule, such that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised." *Commonwealth v. Schofield*, 585 Pa. 389, 888 A.2d 771, 774 (2005) (emphasis added); *see also Castillo*, 888 A.2d at 780. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention. Indeed, our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b): "[A] bright-line rule eliminates the potential for inconsistent results that existed prior to *Lord*, when . . . appellate courts had discretion to address or to waive issues raised in non-compliant Pa. R.A.P. 1925(b) statements." *Id.* Succinctly put, it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.

Following our Supreme Court's holding in *Lord*, but before its decisions in *Schofield* and *Castillo*, this Court purported to carve out a number of exceptions to Rule 1925(b) waiver. Of relevance to the instant case, we briefly endorsed the discretionary review of appeals where trial courts relied upon appellants' untimely Rule 1925(b) statements and addressed the merits of issues raised therein. *See Commonwealth v. Ortiz*, 745 A.2d 662, 663–64 n. 3 (Pa.Super.2000) ("[A]lthough appellant's Rule 1925(b) statement was untimely filed, the trial court's subsequent opinion discussed the sole issue raised therein and, thus, there is no impediment to our meaningful review."); *Commonwealth v. Alsop*, 799 A.2d 129, 134 (Pa.Super.2002) (same).

Were this exception to Rule 1925(b) waiver still operative, it would likely apply to the instant case. The certified record indicates that the trial court accepted Presque Isle's untimely Rule 1925(b) state-

ment, and addressed the merits of Presque Isle's issues by relying on an earlier order. *See* Order, 2/14/2012, at 1. However, in affirming *Lord*'s bright line, our Supreme Court specifically removed our authority to allow such discretionary review. Previously, we enjoyed discretion to review otherwise untimely Rule 1925(b) statements in the event that the trial court had chosen to ignore the underlying untimeliness. The *Castillo* Court's disapproval of this leniency was emphatic:

> Allowing for discretion regarding timeliness will result in inconsistencies. For example, when faced with the lack of a timely Pa.R.A.P. 1925(b) statement, one trial court might file quickly and efficiently an opinion waiving all issues, while another might address the issues it believes the appellant will raise, and still another might delay filing an opinion until a statement is received. If the appellant in each hypothetical case eventually files an equally untimely statement, the appellate court in the first case would waive the issues that the trial court waived, while in the second two scenarios, under [Superior Court precedent prior to *Castillo* and *Schofield*], the appellate court could address the issues so long as the trial court addressed the same issues in its opinion. As a result, the same factual situation could produce diametrically opposed results depending on how quickly a trial court files its opinion after the expiration of the Pa.R.A.P. 1925(b) filing period. . . . [W]e decline to adopt a position which will yield unsupportable distinctions between similarly situated litigants.

*Castillo*, 888 A.2d at 779. The Supreme Court singled out and invalidated this Court's holdings in *Ortiz* and *Alsop*: "[W]e specifically voice our disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions to

*Lord* and have addressed issues that should have been deemed waived." *Id.* at 780 (citing *Alsop*, 799 A.2d at 134; *Ortiz*, 745 A.2d at 663 n. 3).

■ Stated simply, it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues. Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived: "Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant *must* comply in a timely manner." *Hess v. Fox Rothschild, LLP,* 925 A.2d 798, 803 (Pa.Super.2007) (citing *Castillo,* 888 A.2d at 780) (emphasis in original); *see Feingold v. Hendrzak,* 15 A.3d 937, 940 (Pa.Super.2011).

■ However, there are still operative exceptions to Rule 1925(b) waiver with regard to timeliness. "[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation ... therefore, we look first to the language of that order." *In re Estate of Boyle,* 77 A.3d 674, 676 (Pa.Super.2013) (citing *Berg v. Nationwide Mutual Ins. Co.,* 607 Pa. 341, 6 A.3d 1002, 1007–08 (2010)). We will review the trial court's order.

The terms of Rule 1925(b) itself set the relevant requirements for a trial court's order. *Id.* Pa.R.A.P. 1925(b) pertinently provides as follows:

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

\* \* \*

(2) *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental statement to be filed. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc.*

(3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b).

Instantly, the record reveals that, on January 12, 2012, the trial court properly ordered Presque Isle to file a Rule 1925(b) statement. 1925(b) Order, 1/12/2012, at 1. Specifically, the trial court directed Presque Isle to "comply with Rule 1925(b) of

the Pennsylvania Rules of Appellate Procedure and file of record and serve upon this Court a [c]oncise [s]tatement . . . within twenty-one (21) days of the date of this Order." *Id.* The trial court's order also provided: "Any issue not properly included in this Statement timely filed and served pursuant to the Rule shall be deemed waived." *Id.* Thus, the trial court's order conforms with Pa.R.A.P. 1925(b).

This Court has held that "strict application of the bright-line rule in *Lord* necessitates strict interpretation of the rules regarding *notice* of Rule 1925(b) orders." *In re L.M.*, 923 A.2d 505, 509–10 (Pa.Super.2007) (emphasis in original). In *In re L.M.*, this Court held that a failure by the prothonotary to "give written notice of the entry of a court order and to note on the docket that notice was given" will prevent waiver for timeliness pursuant to Pa.R.A.P. 1925(b). *Id.* at 510.

Instantly, a notation appears in the docket indicating that the prothonotary provided notice of the trial court's January 12, 2012 order to the parties on January 13, 2012. *See* Superior Court Docket No: 77 WDA 2012, 3/7/2012, at 4. Additionally, there are hand-written notations on the trial court's order confirming that notice was given. To wit, there is a hand-written "NG" appearing in the bottom right-hand corner of the original order, as well as a signature and date above the filing stamp that indicates when notice actually was sent. *See* 1925(b) Order, 1/12/2012, at 1.[4] Based upon all of the above, we conclude that the trial court's order complies with the technical requirements of Pa.R.A.P. 1925(b). *See In re L.M.*, at 509–10; *Berg*, 6 A.3d at 1008.

Having confirmed the validity of the trial court's initial order and the fact that due notice was given to the parties, we turn to Presque Isle's filing. On January 12, 2012, the trial court ordered Presque Isle to file its Rule 1925(b) statement "within twenty-one (21) days of the date of this Order." 1925(b) Order, 1/12/2012, at 1. Notice of the order was sent to Presque Isle on January 13, 2012, and a notation was placed in the docket. Pursuant to Pa.R.A.P. 108(b), "[t]he date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given." Pa.R.A.P. 108. Consequently, we consider the date of entry of the trial court's order to be January 13, 2012.

In computing the relevant filing deadline, we turn to Pa.R.C.P. 106, which provides: "When any period of time is referred to in any rule, such period in all cases . . . shall be so computed as to exclude the first and include the last day of such period." Pa.R.C.P. 106(a). Accordingly, we will exclude January 13, 2012, from our computation, as the "first" date the order was entered, and begin from January 14, 2012. According to the statutory dictates referenced above, we calculate that the twenty-first day after the entry of the trial court's order was February 3, 2012. Presque Isle did not file its Rule 1925(b) statement until February 6, 2012. The certified record contains no indication that Presque Isle sought, or that the trial court granted, an extension of time for filing. Consequently, we must conclude that Presque Isle's filing was untimely.[5, 6]

---

4. Similar notations appear on the trial court's orders throughout the certified record. These consistent, handwritten notations correspond with those entries on the docket that include a certification that notice was given.

5. The proof of service attached to Presque Isle's Rule 1925(b) statement was dated Feb-

We are constrained to find all of Appellant's issues waived for failure timely to file its Rule 1925(b) statement. *See Boyle*, 77 A.3d at 679; *Castillo*, 888 A.2d at 780. Because Presque Isle has waived all of its issues on appeal, we may not address the merits of those issues.[7]

Order affirmed.

---

ruary 3, 2012. *See* Presque Isle's Rule 1925(b) Statement Proof of Service, 2/6/2012, at 1 (unpaginated). Pa.R.C.P. 205.1 provides: "Any legal paper not requiring the signature of, or action by, a judge prior to filing may be delivered or mailed to the prothonotary.... A paper sent by mail shall not be deemed filed until received by the appropriate officer." Pa.R.C.P. 205.1. Additionally, Pa.R.A.P. 121 provides: "Filing may be accomplished by mail addressed to the prothonotary, but ... filing shall not be timely unless the papers are received by the prothonotary within the time fixed for filing." Pa.R.A.P. 121(a). Furthermore, this Court has stated: "If an appellant does not comply with an order to file a Rule 1925(b) statement, all issues on appeal are waived—even if the Rule 1925(b) statement was served on the trial judge who subsequently addressed in an opinion the issues raised in the Rule 1925(b) statement." *In re L.M.*, 923 A.2d 505, 509 (Pa.Super.2007) (citing *Schofield*, 888 A.2d at 773–74) (emphasis added). Even assuming, *arguendo*, that Presque Isle mailed a copy of its Rule 1925(b) statement on February 3, 2012, it has failed to comply with Pennsylvania statute and case law by failing to file that statement until February 6, 2012. Regardless of the date listed on its proof of service, Presque Isle failed timely to file its Rule 1925(b) statement.

6. As the learned Judge Gantman aptly points out in her concurrence, the date of mailing or service does not necessarily control the timeliness of a Rule 1925(b) statement in the civil context. In relevant part, Pa.R.A.P. 1925(b)(1) states:

> Filing of record and service on the judge shall be in person or by mail ... and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified.

Pa.R.A.P. 1925(b)(1). Instantly, nothing in the certified record indicates that Presque Isle ever obtained any of the required postal forms "to verify the date the statement was mailed to the court so that date could operate as the filing date." Concurring Opinion at 2. There-

fore, we will consider Presque Isle's Rule 1925(b) statement filed on February 6, 2012.

7. The Pennsylvania Rules of Appellate Procedure provide for limited instances in which appellate courts may remand civil cases to trial courts in order to cure defects in Rule 1925 practice. In relevant part, appellate courts in civil cases may remand in two circumstances related to the filing of Rule 1925(b) statements: (1) "[a]n appellate court may remand [in a civil case] for a determination as to whether a [Rule 1925(b)] Statement had been filed and/or served or timely filed and/or served;" or (2) "[u]pon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing *nunc pro tunc* of a [Rule 1925(b)] Statement or for amendment or supplementation of a timely filed and served [Rule 1925(b)] Statement...." Pa.R.A.P. 1925(c)(1)-(2). Neither of these circumstances is applicable to the instant case. With regard to Pa.R.A.P. 1925(c)(1), we are constrained to conclude that it would be inappropriate for this Court to remand to the trial court for a determination of whether Presque Isle's Rule 1925(b) statement was timely filed. The record is unequivocal and complete. It establishes the filing date and contents of the trial court's initial order, as well as the filing date and contents of Presque Isle's Rule 1925(b) statement. Consequently, we do not remand for an initial determination of timeliness by the trial court, inasmuch as such remand would consume additional judicial and litigant resources to no apparent purpose. Remand under Pa.R.A.P. 1925(c)(2) is also improvident at this time because Presque Isle has not entered an application for *nunc pro tunc* filing, nor has it demonstrated, or sought to demonstrate, any "good cause" related to the late filing. *See Amicone v. Rok*, 839 A.2d 1109, 1113 (Pa.Super.2003) (reviewing standards for trial court grants of *nunc pro tunc* status). Furthermore, we note that the permissive reinstatement of *nunc pro tunc* appellate rights under Pa.R.A.P. 1925(c)(3) applies only in criminal cases. We are compelled to determine that remand is neither proper nor available in this case.

BENDER, P.J., FORD ELLIOTT, P.J.E., BOWES, DONOHUE, ALLEN, LAZARUS, and OTT, JJ., join.

GANTMAN, J. files a Concurring Opinion in which DONOHUE, ALLEN, and LAZARUS, JJ., join.

CONCURRING OPINION BY GANTMAN, J.

I concur in the result of the majority's disposition, which affirms the order granting summary judgment, on the basis of Appellant's untimely filed Rule 1925(b) statement and consequent waiver of all issues. I agree with the majority that the trial court's Rule 1925(b) order was clearly stated and plainly valid as duly filed with the requisite notice requirements of civil Rule 1925(b) orders.

I write separately to emphasize the majority's point that the date of mailing or service appearing on the document itself is not necessarily definitive for purposes of the timeliness of the Rule 1925(b) statement in the civil context. *See* Pa.R.A.P. 1925(b)(1) (stating: *"Filing and service.—*Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified, in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c)"). Nothing in the record indicates Appellant obtained a United States Postal Service Form 3817, a

Certificate of Mailing, or other similar United States Postal Form sufficient to verify the date the statement was mailed to the court so that date could operate as the filing date. Absent any error in the Rule 1925(b) order or the trial court's docket, and with no available exception to waiver, Appellant's issues are waived. Further, I agree a remand at this time would be an unwarranted waste of more judicial resources, which this case has already unfairly consumed.[1] Accordingly, I concur in the result reached by the majority disposition.

---

1. This case has been before the Court for quite some time, initially disposed of by a three-judge panel on the merits (affirmed), later granted *en banc* reargument, then briefed and argued before an *en banc* panel, only to succumb to a waiver analysis.