J-S74031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GENE C. BENCKINI, TRADING AS BENCKINI NURSERIES, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | No. 1398 EDA 2018 |
| ESTATE OF LLOYD LICHTENWALNER | : | |

Appeal from the Order Dated April 19, 2018
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2016-C-3545

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 22, 2019**

Gene C. Benckini, trading as Benckini Nurseries, appeals *pro se* from the order dismissing his amended complaint, which was filed against the Estate of Lloyd Lichtenwalner, with prejudice. We affirm.

On December 14, 2016, Benckini filed a complaint. He filed a motion to amend the complaint, which the trial court granted. In the amended Complaint, Benckini alleged he and Lloyd Lichtenwalner entered into a contract in 2007 in which they agreed that Benckini would pay $3,500 for the right to grow nursery trees on 3 acres of Lichtenwalner's farmland. Benckini alleged he planted trees, and in 2014, 2015, and 2016, Lichtenwalner had them removed. He also alleged Lichtenwalner took his nursery equipment. He asserted claims of conversion and unjust enrichment against the Estate of Lloyd Lichtenwalner ("Estate").

On September 11, 2017, the trial court issued an order setting discovery deadlines. On September 14, 2017, the trial court issued an order scheduling a pre-trial conference in April 2018 and a trial in May 2018. The scheduling order required the parties to file proposed jury instructions, motions in limine, and proposed *voir dire* questions and a verdict slip on or before the date of the pre-trial conference. Further, under Pennsylvania Rule of Civil Procedure 212.1(b)(1), the plaintiff must file a pretrial statement not later than 60 days prior to the trial date, and the statement must include the names and addresses of all persons who may be called as witnesses. Pa.R.C.P. 212.1(b)(1), 212.2a)(3).

On April 4, 2017, the Estate filed pre-trial documents, including a Motion in Limine to Preclude Plaintiff From Offering Evidence of an Alleged Contract with Lloyd Lichtenwalner at the Time of Trial in this Matter. Benckini did not file a response to the motion.

At the time scheduled for the pretrial conference, the trial court and the defendant's counsel appeared and waited 22 minutes, but Benckini did not arrive, and he had not requested a continuance. Order, filed Apr. 19, 2018, at 1 n.2. Further, Benckini did not file the documents required by the scheduling order or Rule 212.1.[1] *Id.* After waiting 22 minutes, the trial court informed defense counsel that the case would be dismissed and counsel left. *Id.* Benckini arrived 23 minutes later, that is, 45 minutes late. *Id.* He claimed the

---

[1] In October 2017, Benckini did file a list of exhibits to be presented at trial.

conference was scheduled for the time he arrived, but the document he presented to support that claim was for a status conference scheduled for a different date nearly one year beforehand. *Id.*

The trial court dismissed the complaint with prejudice. It noted that to establish his claims, Benckini would have to prove the Decedent entered into a contract. The court found that the Estate was unfairly prejudiced because it did not know the identity of the witness who would testify as to the existence of the contract or to the Decedent's signature to it.

Benckini filed a timely notice of appeal. The trial court issued an order requiring Benckini to file a concise statement of the errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) within 21 days of entry of the order. The order stated that any issue not included in the statement would be waived. The clerk's office sent Benckini notice of this order on May 31, 2018. Benckini did not file a concise statement.

Benckini's brief does not include a statement of issues raised on appeal. He appears to argue that the trial court erred in dismissing his complaint with prejudice because he sent the required documents through Lehigh County's electronic filing system and that he went to the wrong court house at 2:00 p.m. on April 17, 2018. He also asserts the conference could have occurred because he saw defense counsel walking out when he arrived. He further claims that he was incarcerated when the trial court issued its order to file a concise statement, and therefore he did not receive it.

We conclude that Benckini waived any issues on appeal when he failed to file a timely Rule 1925(b) statement. ***See, e.g., Greater Erie Indus. Devel. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 227 (Pa.Super. 2014) (*en banc*) (finding appellate issues waived where appellant failed to file timely Rule 1925(b) statement). Benckini claims he was incarcerated on May 30, 2018, and did not receive the order. However, he did not inform the trial court of his incarceration and did not provide an appropriate address. Thus, the trial court sent notice of the order requiring the filing of the 1925(b) statement to the address of record, and Benckini's claims are waived because he failed to file the statement. ***Id.*** at 226-27.

Order affirmed.

Judge Lazarus joins the memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/19