J-A04002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DELAWARE STATION LLC, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EXELON GENERATION CO. LLC | : | No. 1262 EDA 2019 |

Appeal from the Order Entered March 28, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 190302922

BEFORE:   PANELLA, P.J., STRASSBURGER, J.[*], and COLINS, J.[*]

JUDGMENT ORDER BY PANELLA, P.J.:       **FILED FEBRUARY 06, 2020**

Delaware Station, LLC appeals from the order, filed on March 29, 2019, in the Court of Common Pleas of Philadelphia County, granting the motion filed by Appellee, Exelon Generation Co., LLC, for a preliminary injunction. Based on our review, we strike this matter from the argument list and remand.

On March 29, 2019, the trial court entered a preliminary injunction in this matter. On April 2, 2019, Appellant filed a notice of appeal. On June 13, 2019, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant did not comply. On September 3, 2019, the trial court filed an opinion that did not address Appellant's failure to file the Rule 1925(b) statement.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellee subsequently filed two applications asking we quash this appeal. In response, Appellant filed two applications for relief, acknowledging it failed to file a Rule 1925(b) statement, but claiming the trial court did not serve it with a copy of the Rule 1925 order, and seeking remand to file a Rule 1925(b) statement *nunc pro tunc*. Specifically, Appellant asserts that due to a virus, the Philadelphia electronic filing system was not functioning properly when the trial court entered its June 13 order. As a result, Appellant denies that it ever received electronic or physical notice of the entry of the June 13 order.

On October 17, 2019, this Court denied the applications subject to their renewal before the merits panel. In its brief, Appellee again asks us to quash this appeal because of Appellant's failure to comply with Pa.R.A.P. 1925(b).

Generally, in civil cases, the appellant's failure to comply with the minimal requirements of Rule 1925(b) will result in automatic waiver of the issues raised on appeal. **Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224-25 (Pa. Super. 2014) (*en banc*) (holding appellant waived all issues on appeal where appellant submitted court-ordered Rule 1925(b) statement three days late, without court-ordered extension). Nevertheless, Rule 1925 allows this Court to remand in civil cases to cure defects in Rule 1925 practice, "upon application of the appellant and for good cause shown ... for the filing *nunc pro tunc* of a Statement or for amendment or supplementation of a timely filed and served Statement and

for a concurrent supplemental opinion." **See** Pa.R.A.P. 1925(c)(2). However, "failure by the prothonotary to give written notice of the entry of a court order and to note on the docket that notice was given will prevent waiver for timeliness pursuant to Pa.R.A.P. 1925(b)." **Presque Isle**, 88 A.3d at 226.

In the present case, we are unable to determine from the record before us whether Appellant has shown good cause for its failure to file a Rule 1925(b) statement. However, in the interest of justice, we believe Appellant should have the opportunity to present evidence to the trial court regarding its alleged failure to serve the 1925 order. It may be Appellant will be able to demonstrate there was a breakdown in the process and the trial court did not properly serve the order upon it, in which case it should be given an opportunity to file a *nunc pro tunc* statement and the trial court should file a supplemental opinion. It may be Appellant cannot not show such a breakdown, in which case Appellant will have waived all issues on appeal.

As it cannot be determined on the record before us if Appellant has shown good cause for the failure to file a Rule 1925(b) statement, we hereby strike the case from the argument list and remand it to the trial court to hold an evidentiary hearing to determine whether Appellant has shown good cause for the failure to file a Rule 1925(b) statement.

Case stricken from the argument list and remanded for proceedings consistent with this judgment order. Trial court to provide all necessary

findings and conclusions within ninety (90) days of the date of this decision.

Panel jurisdiction relinquished. Court jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/20