J-A06001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LISA THOMAS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND G. OTT | : | No. 712 WDA 2020 |

Appeal from the Order Entered June 8, 2020
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  AR 18-04747

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED:  May 24, 2021**

Appellant, Lisa Thomas ("Tenant"), appeals from the trial court's June 8, 2020 order, granting Appellee's, Raymond G. Ott ("Landlord"), motion for summary judgment and dismissing all claims against him with prejudice.  After careful review, we reverse and remand.

On September 1, 2017, Tenant and her husband leased an apartment at a property owned by Landlord located at 1098 Glenfield Road in Sewickley, Pennsylvania.  In the afternoon of February 14, 2018, Tenant slipped on an accumulation of ice in the driveway area of the property and fell, sustaining a severe ankle fracture, among other things.  On December 14, 2018, Tenant filed a complaint against Landlord, alleging, *inter alia*, that she slipped due to Landlord's "failure to clean the driveway[,] which allowed ice to build up over a week."  Complaint, 12/14/18, at ¶ 5.  Therein, she also averred that Landlord

"owned and maintained" the 1098 Glenfield Road property, *id.* at ¶ 3, but resided at 1105 Glenfield Road. *Id.* at ¶ 2.

On December 12, 2019, Landlord filed a motion for summary judgment, setting forth two main arguments. First, Landlord asserted that the lease includes an exculpatory clause, which bars Tenant from any recovery against him. This exculpatory clause provides that:

> LESSOR shall not be subject to liability for any injury or damage to any person or to any property at any time on said PREMISES or building from any cause whatever [*sic*] that may at any time exist from the use or condition of said PREMISES or building or from ice thereon, or from water, rain or snow which may leak into, issue or flow from any pan of said building, or from the pipes or plumbing of the same, or as a result of mold or mildew being present in any parts of PREMISES, or from any other place or from any other cause, during said term or any renewal thereof.

*See* Landlord's Motion for Summary Judgment, 12/12/19, Exhibit A (Lease) at 2 (unnumbered pages). Second, Landlord contended that "the lease terms designate snow and ice removal to [Tenant]." *Id.* at ¶ 5 (citing the lease agreement generally). In support of this claim, Landlord set forth the following:

> **II. Under the terms of the lease, [Tenant], as the tenant, is responsible for snow and ice removal.**
>
> 12. "The tort of liability of an owner of leased property for injuries suffered in falls occurring on leased premises is dependent upon whether the owner also occupies and controls a portion of the leased property, or has a contractual arrangement with the tenant addressing responsibility for the maintenance of the area where the fall occurred." *Mills v. Gubbio's LLC*, 50 Pa.D.& C.5th 520, 528 ([Lacka. Cty.] 2015).
>
> 13. Where the lease between the parties places the responsibility of sidewalk or property maintenance, cleaning, or snow/ice removal upon the tenant, the tenant has full and exclusive control

of the leased premises. ***Miller v. Atl. Ref. Co.***, 12 Pa.D.& C.2d 713, 719 ([Phila. Cty.] 1957)[.]

14. In [Tenant's] deposition, she also acknowledged that snow and ice removal was her responsibility.  (Deposition Transcript: Pg. 15 10-18)[.]

15. In this matter, [Tenant] expressly consented to both the exculpatory clause in the lease *and* her responsibility for snow and ice removal.

16. The lease was in effect at the time of the alleged fall.

17. There is no evidence of record that show that [Landlord] breached any duty with respect to the condition of the premises as a matter of law.

18. As such, [Tenant] is barred from recovery and [s]ummary [j]udgment must be entered in favor of [Landlord].

Landlord's Motion for Summary Judgment at ¶¶ 12-18 (emphasis in original).

Tenant subsequently filed a brief in opposition.  In her brief, she contended that there are genuine issues of material fact regarding the enforceability of the exculpatory language in the lease.  She argued that there is no evidence that the exculpatory clause in question was expressly bargained for by parties of equal bargaining power, and claimed that "the exculpatory clause specifically states that the Lessor is not subject to liability for injury on the PREMISES.  Premises are defined as 1098 Glenfield Road, Apt. #1, Sewickley, PA 15143.  [Tenant's] accident did not happen in Apartment #1.  Her accident occurred on [the] common area driveway which served other apartments.  The lease does not mention the driveway or common areas."

Tenant's Brief in Opposition, 6/5/20, at 4.[1]  Further, she claimed that the lease "specifically states that the lessee is responsible to keep all **sidewalks** free from snow and ice.  In her deposition, [Tenant] acknowledged the clause, but contends in her deposition that she did not have any sidewalks, she only had steps."  **Id.** at 5 (emphasis in original; citation omitted).[2]  Finally, Tenant advanced that the Sewickley Borough Code provides that owners of property must always maintain sidewalks in a safe, unobstructed manner, and that a landlord may not use a lease's exculpatory clause to escape liability for the violation of a statutorily-imposed duty.  **Id.** (citation omitted).

The trial court held argument on Landlord's motion for summary judgment on June 8, 2020.  Upon review, the trial court granted summary judgment in favor of Landlord.[3]  Subsequently, on June 17, 2020, Tenant filed a motion for reconsideration, which the trial court denied.  Thereafter, Tenant filed a timely notice of appeal on July 1, 2020, and timely complied with the

---

[1] It is unclear how many apartments are at the 1098 Glenfield Road property.  However, we glean from the record that there is more than one.  Tenant's attorney represented that there are at least four apartments at this property, and Landlord's attorney characterized the property as "a residential apartment complex" and alluded to the driveway area being a "common area."  N.T., 6/8/20, at 2, 3; **see also id.** at 5.

[2] The lease provides that "TENANT further agrees to keep all sidewalks free from snow and ice."  Lease at 2.

[3] It is also unclear if discovery was completed at the time of the trial court's ruling.

- 4 -

trial court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[4]

The trial court then issued a Rule 1925(a) opinion. Initially, it provided the following procedural history of the case:

> [Tenant] appealed this [c]ourt's [o]rder of June 8, 2020, which dismissed her claims against her former [l]andlord…. This is a slip[-]and[-]fall claim that originated when [Tenant] suffered an injury on February 14, 2018. She allegedly slipped on an accumulation of ice in the driveway area of the leased premises located at 1098 Glenfield Road…. [Tenant] and her husband had leased the home several months earlier on September 1, 2017.
>
> While the [c]omplaint alleged that [Landlord] resided elsewhere, but did own and maintain the leased premises, the [c]omplaint never identified [Tenant] as [Landlord's] tenant. The [c]omplaint also fails to set forth a claim for negligence against [Landlord]. According to the [c]omplaint, [Landlord] is not claimed to owe any duty to [Tenant], nor does it accuse him of a breach of a duty. Nevertheless, the [c]omplaint survived unchallenged[,] and ***[Landlord] filed a [m]otion for [s]ummary [j]udgment based upon a so-called "exculpatory clause,"*** citing to the lease which set forth that "[Landlord] shall not be subject to liability for any injury to any person … at any time from the use or condition of the premises or building … from ice there on [*sic*], or from water, rain or snow."
>
> ***Argument on [Landlord's] [m]otion was restricted to the enforceability of the "so called" Exculpatory Clause.***

---

[4] The trial court's order directing Tenant to file a Rule 1925(b) statement did not advise her that any issue not raised in her Rule 1925(b) statement would be deemed waived. ***See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa. Super. 2014) ("[I]n determining whether an appellant has waived his [or her] issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[;] … therefore, we look first to the language of that order.") (citations omitted).

Trial Court Opinion ("TCO"), 8/25/20, at 1-2 (emphasis added). After setting

forth the standard of review for summary judgment, the trial court then

provided the rationale for its disposition for the first time, determining that

"[Landlord], as [a] landlord out of possession, was not responsible for

maintenance of the premises or the driveway where [Tenant] fell and[,] thus,

owed no duty of care to her, pursuant to the substantive law of Pennsylvania."

*Id.* at 2 (unnecessary capitalization omitted). Specifically, it explained:

> For [Tenant] to prevail in a [n]egligence action under Pennsylvania state law, [Tenant] must establish that [Landlord] (1) owed a duty of care to [Tenant]; (2) that the duty was breached; (3) the breach resulted in [Tenant's] injury; and (4) [Tenant] suffered actual loss or damage. ***Merini v. Gallitzen Water Auth.***, 980 A[.]2d 502, 506 ([Pa.] 2009).
>
> In the present case, [Tenant] failed to plead a case for negligence. Further, [Tenant] failed to plead any claim that [Landlord] retained any portion of the leased premises that would exclude him from the general rule that, as a landlord out of possession, he had no responsibility for what happened on the area in which [Tenant] allegedly fell.
>
> Under Pennsylvania law, a lessor of land is not liable to the lessee or others, including business invitees for physical harm caused by either natural or artificial conditions on the land which existed when the land was transferred or which arise after the transfer of possession. ***Deeter v. Dull Corp[.], Inc.***, 617 A[.]2d 336, 338, 340 ([Pa. Super.] 1992). This rule is based on the principle that "the law regards the lease transaction as the equivalent to the sale of the land for the term of the lease." [*Id.*] at 338-[]40. Thus, liability is premised primarily on possession and control, and not merely on ownership. *Id.* [a]t 339.
>
> The Pennsylvania courts have established a number of exceptions to the general rule of non-liability for out-of-possession landlords. None of them were raised in opposition to the motion for summary judgment prior to[,] or during[,] argument.

[Tenant] failed to argue that [Landlord] reserved any control over a defective portion of the property, that the demised premises were dangerously constructed, which resulted in a nuisance *per se*, that [Landlord] had any knowledge of a dangerous condition of the property at the time of transferring possession and failed to disclose the condition to [Tenant], or if leased for admission to the general public[, that] he failed to inspect or repair dangerous conditions before [the] property [wa]s leased to [Tenant], or failed to undertake repair after having been given notice. ***See Henze v. Texaco, Inc.***, 508 A[.]2d 1200, 1202 … (Pa. Super. 1986).

Again, the six … exceptions were never raised prior to[,] or during[,] argument. Without evidence to support an exception to the general rule precluding liability against an out[-]of[-]possession landlord, no duty exists, and no cause of action for negligence can be supported.

In addition, [Tenant] invokes Sewickley Borough Code Section 287.1, which requires owners to safely maintain pedestrian walkways or sidewalks in the area between the property itself and the curb line. However, in the present case, no walkway or sidewalk exists between the leased property and the curb line. There is no evidence or allegation that [Tenant] fell in an area of the driveway that would have been near … such an area. [Tenant] was deposed prior to the argument and no such fact was revealed.

The lease terminology at issue [in the m]otion for [s]ummary [j]udgment simply restates the law in Pennsylvania. Without evidence to support an exception to the rule precluding liability against an out[-]of[-]possession landlord, no duty exists for [Landlord] and no cause of action for negligence can be maintained. [Landlord] is entitled to judgment as a matter of law.

TCO at 2-4.

Now, Tenant raises the following issues for our review:

(a) Whether the lower court erred when it granted summary judgment based solely on its own conclusion that [Landlord] was a "landlord out of possession" when the "out of possession" defense had not been raised in the pleadings, or [Landlord's] motion for summary judgment.

(b) Whether the lower court erred when it granted summary judgment based solely on its own conclusion that [Tenant] failed

to properly plead her case when that defense had not been raised in the pleadings, or in [Landlord's] motion for summary judgment.

(c) Whether the lower court erred in granting a motion for summary judgment when [Landlord] and [Landlord's] witness were not deposed[.]

(d) Whether the trial court erred when it granted [Landlord's] motion without any record evidence to properly support the enforcement of an exculpatory clause under Pennsylvania law[.]

(e) Whether the lower court erred when it failed to find a genuine issue of material fact concerning [Landlord's] potential violation of a local ordinance regarding property maintenance[.]

Tenant's Brief at 4.[5]

Before delving into the merits of Tenant's issues, we observe that Tenant raises five issues in her statement of the questions involved. However, she does not divide the argument section of her brief into five corresponding parts; instead, she divides it into three, incongruous sections. We admonish Tenant for her lack of compliance with Pa.R.A.P. 2119(a). **See** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); **Donaldson v. Davidson Bros., Inc.**, 144 A.3d 93, 99 n.9 (Pa. Super. 2016) (determining that the appellant failed to comply with Rule 2119(a) where the appellant's brief did not "present and develop eight arguments in support of the eight questions raised"). Notwithstanding,

_____

[5] We have re-ordered Tenant's issues for ease of disposition.

Tenant's noncompliance does not preclude our review, and we will address the claims she raises in her brief.

As we review Tenant's claims, we remain mindful of the following:

Our standard of review on an appeal from the grant of a motion for summary judgment is well-settled. A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

*Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 562-63 (Pa. Super. 2014) (citations omitted).

We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [its] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Thus, a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury.

*H & R Block E. Tax Servs., Inc. v. Zarilla*, 69 A.3d 246, 248 (Pa. Super. 2013) (citations omitted).

We address Tenant's first, second, and third issues together. In her first issue, she claims that "the lower court erred when it granted summary judgment based solely on its own conclusion that [Landlord] was a 'landlord

out of possession' when the 'out of possession' defense had not been raised in the pleadings, or [Landlord's] motion for summary judgment[.]" Tenant's Brief at 4. Similarly, in her second issue, she complains that "the lower court erred when it granted summary judgment based solely on its own conclusion that [Tenant] failed to properly plead her case when that defense had not been raised in the pleadings, or in [Landlord's] motion for summary judgment." *Id.* Finally, in her third issue, she says that the trial court should not have granted Landlord's motion for summary judgment when Landlord and Landlord's witness were not deposed. *Id.* In support of these claims, she collectively explains:

> Current counsel for [Tenant] entered his appearance on March 5, 2020. [Tenant] had been represented by two other lawyers prior to [current] counsel being involved. In anticipation of the summary judgment motion, a request was made to take the deposition of [Landlord]. Counsel was informed that[,] due to his advanced age and infirmities[,] the deposition would not elicit any useful information.[6] A representative was offered as a substitute, but that deposition was postponed due to the Coronavirus pandemic.
>
> Because the motion for summary judgment was based almost solely on the interpretation of the lease agreement, counsel made the determination to attack the validity of the exculpatory clause, because there was no record evidence produced by [Landlord] to legally support the enforceability of the clause. When the trial court's opinion was issued, it was a surprise to counsel that the court based its granting of the summary judgment motion on the pleadings and the law surrounding a landlord out of possession. No record was made regarding the control or possession [Landlord] may have had over the property at the time of the lease agreement and the fall. The trial court's conclusion that

---

[6] At the time of the argument on the motion for summary judgment in June of 2020, Landlord was 93 years old. *See* N.T. at 4.

> [Landlord] was a landlord out of possession is not supported by the record because that record was never properly developed. … The trial court's conclusion and interpretation of the pleadings, when that issue was not presented by [Landlord] or briefed by [Tenant,] is not the proper basis for the entry of summary judgment.

Tenant's Brief at 13-14 (internal citations and footnote omitted).

We agree with Tenant. Landlord did not argue anything below about the sufficiency of Tenant's pleadings, nor did he clearly assert that he had no duty to Tenant because he was a landlord out of possession. Instead, he sought summary judgment based on the terms of the lease, which the trial court itself recognized. *See* TCO at 1 ("[T]he [c]omplaint survived unchallenged[,] and [Landlord] filed a [m]otion for [s]ummary [j]udgment based upon a so-called 'exculpatory clause….'"); *id.* at 2 ("Argument on [Landlord's m]otion was restricted to the enforceability of the 'so called' Exculpatory Clause."). Despite acknowledging that Landlord's arguments in favor of summary judgment were based on the terms of the lease, the trial court nevertheless determined that "[Landlord], as [a] landlord out of possession, was not responsible for maintenance of the premises or the driveway where [Tenant] fell and[,] thus, owed no duty of care to her, pursuant to the substantive law of Pennsylvania." *Id.* at 2 (unnecessary capitalization omitted). This was error. "For a trial court to raise an argument in favor of summary judgment *sua sponte* and grant summary judgment thereon risks depriving the court the benefit of advocacy on the issue, and depriving the parties the opportunity to be heard." ***Yount v. Pennsylvania Dept. of Corrections***, 966 A.2d 1115, 1119 (Pa. 2009) (citation omitted).

- 11 -

"[T]rial courts should not act as the defendant's advocate." *Id.* (citation and internal quotation marks omitted).

Here, Tenant explains that she did not advance arguments on the exceptions to the general rule of non-liability for out-of-possession landlords or pursue discovery relating to them because Landlord's summary judgment motion "was based almost solely on the interpretation of the lease agreement[.]" Tenant's Brief at 13. Moreover, in granting summary judgment in favor of Landlord, the trial court used the deficiencies in the record with respect to the exceptions against Tenant, weighing that "the six … exceptions were never raised prior to[,] or during[,] argument" and that, "[w]ithout evidence to support an exception to the general rule precluding liability against an out[-]of[-]possession landlord, no duty exists, and no cause of action for negligence can be supported." TCO at 3. Using this basis to grant summary judgment to Landlord, when it was not raised and developed by him in his motion, is simply unfair to Tenant.[7] Accordingly, we cannot affirm the trial court's order based on the rationale the court provided, as the court erred in raising it *sua sponte*.

We next consider if we may affirm the trial court's order on any other basis. ***See Dockery v. Thomas Jefferson Univ. Hosp.***, -- A.3d --, 2021 WL 671704, at *3 (Pa. Super. filed Feb. 22, 2021) ("[T]his Court is not bound by

---

[7] Further, the trial court did not cite to record evidence to support its assertion that Landlord was not responsible for the maintenance of the driveway where Tenant fell. ***See*** TCO at 2.

the reasoning of the trial court, and we may affirm the trial court's order on any valid basis.") (citation and internal quotation marks omitted). Though the trial court did not consider whether the lease's exculpatory clause was enforceable in its opinion, both parties have briefed this issue on appeal, so in the interest of judicial economy, we will address it.[8] The parties both agree that exculpatory clauses are to be strictly construed. *See* Tenant's Brief at 9 ("[A]n agreement which reduces legal rights which would otherwise exist must be strictly construed against the party asserting it and must spell out with the utmost particularity the intention of the parties.") (citation omitted); Landlord's Brief at 8-9 ("[Landlord] does not disagree with [Tenant] in that exculpatory clauses are to be construed strictly and against the party seeking immunity under the clause."). Additionally, our Supreme Court has explained:

> Generally speaking, an exculpatory clause is valid if: (a) it does not contravene any policy of the law, that is, if it is not a matter of interest to the public or [s]tate; (b) the contract is between persons relating entirely to their own private affairs; [and] (c) each party is a free bargaining agent and the clause is not in effect a mere contract of adhesion, whereby one party simply adheres to a document which he is powerless to alter, having no alternative other than to reject the transaction entirely.
>
> Assuming, *[a]rguendo*, that the … exculpatory clause satisfies all three conditions and is valid, our case law requires that, even if valid, an exculpatory clause must meet certain standards. Despite the general [v]alidity of exculpatory provisions, certain standards

---

[8] Specifically, in Tenant's fourth issue, she claims that the trial court "erred when it granted [Landlord's] motion without any record evidence to properly support the enforcement of an exculpatory clause under Pennsylvania law[.]" Tenant's Brief at 4. In support of this claim, Tenant reiterates the arguments she raised in her brief in opposition to Landlord's motion for summary judgment set forth *supra*.

have been established which must be met before an exculpatory provision will be interpreted and construed to relieve a person of liability for his own or his servants' acts of negligence.

Such standards are: (1) contracts providing for immunity from liability for negligence must be construed strictly since they are not favorites of the law; (2) such contracts must spell out the intention of the parties with the greatest of particularity and show the intent to release from liability beyond doubt by express stipulation and no inference from words of general import can establish it; (3) such contracts must be construed with every intendment against the party who seeks the immunity from liability; [and] (4) the burden to establish immunity from liability is upon the party who asserts such immunity.

***Kotwasinski v. Rasner***, 258 A.2d 865, 868 (Pa. 1969) (cleaned up; emphasis omitted).

As we mentioned earlier, the at-issue exculpatory clause provides:

LESSOR shall not be subject to liability for any injury or damage to any person or to any property at any time on said PREMISES or building from any cause whatever [*sic*] that may at any time exist from the use or condition of said PREMISES or building or from ice thereon, or from water, rain or snow which may leak into, issue or flow from any pan of said building, or from the pipes or plumbing of the same, or as a result of mold or mildew being present in any parts of PREMISES, or from any other place or from any other cause, during said term or any renewal thereof.

***See*** Lease at 2.

In strictly construing this clause against Landlord, we agree with Tenant that the exculpatory clause states that Landlord is not liable for injuries to any person "on said PREMISES or building…." ***Id.*** The lease identifies the 'premises' as "1098 Glenfield Road ***Apt[.] #1*** Sewickley, PA 15143[.]" ***Id.*** at 1 (emphasis added). Thus, the exculpatory clause pertains to injuries occurring in Tenant's apartment and in the building; it does not explicitly address injuries transpiring in the driveway area of the property. Accordingly,

- 14 -

Landlord cannot rely on it to avoid liability for the injuries Tenant sustained when she fell in the driveway area.

We also do not find meritorious Landlord's argument that the lease designated snow and ice removal to Tenant. The lease states that "TENANT further agrees to keep all sidewalks free from snow and ice." *Id.* at 2. The record does not support that Tenant fell on a sidewalk; rather, she claims to have fallen in the driveway area.[9] Thus, summary judgment is improper on this basis as well. Moreover, to the extent that Landlord argues on appeal that the lease additionally states that "TENANT also will be responsible for

___

[9] Consequently, to the extent Tenant asserts in her fifth issue that the Sewickley Borough Code requires property owners to keep sidewalks and driveways in safe condition, *see* Tenant's Brief at 4, 10, we reject her argument. The pertinent provision of the Sewickley Borough Code provides the following:

> … Sidewalks, including all the space between the property line and the curbline or vehicular driveway, even though the entire space be not paved as a walkway for pedestrians, shall always be maintained in a safe, unobstructed and usable condition by the owners, except as otherwise provided by existing ordinance. This safety requirement shall apply to all trees, shrubbery, structures and portable materials placed or permitted to exist under, on or in the space between the property line and the vehicular driveway, including the adequate safeguarding of any work done within the side space. Sidewalks shall be kept clean and free of snow, ice, leaves and any other structure or substance which may obstruct the view of motorists or others or cause inconvenience or injury to pedestrians.

*Id.* (quoting Sewickley Borough Code § 287.1) (emphasis omitted). We agree with the trial court that there is no evidence or allegation that Tenant fell on such a sidewalk. *See* TCO at 3-4. Tenant also does not develop an argument explaining how the driveway area in which she fell meets the criteria of this code provision.

- 15 -

placing trash in a covered receptacle at the curb no earlier than Sunday, for contributing to lawn mowing, and for keeping the immediate area clean[,]" *see id.*, we are unconvinced, based on the record and arguments before us, that this language places responsibility on Tenant to remove snow and ice in the driveway area, particularly where the driveway area apparently serves multiple apartments. As we can discern no basis on which to affirm the trial court's order, we reverse its order granting summary judgment in favor of Landlord, and remand for further proceedings.

Order reversed and remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2021

- 16 -