# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terry Simonton, Jr.,                          :
               Appellant   :
          v.                           : No. 1888 C.D. 2019
                        : SUBMITTED:  December 4, 2023
Edward L. Arnold, County                      :
Commissioner, William G. Carpenter,           :
County Commissioner, Rose Marie               :
Swanger, County Commissioner,                 :
Jamie A. Wolgemuth,  County                   :
Administrator, Adrienne C. Snelling,          :
County Solicitor, Gary Robson, County         :
Personnel Director, and Paul D. Zechman,      :
Chief County Detective                        :

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**PER CURIAM**                                  **FILED:  January 17, 2024**

In August 2019, Inmate, Terry Simonton, Jr., appealed *pro se* from a July 2019 order of the Court of Common Pleas of Lebanon County (1) sustaining the preliminary objections of Appellees[1] to Inmate's complaint and dismissing the complaint with prejudice; and (2) denying Inmate's motion for judgment on the pleadings.  In light of Inmate's failure to comply with the trial court's August 2019 order to file a concise statement of errors complained of on appeal, this Court directed the parties to address in their principal briefs on the merits or in an

---

[1] Appellees, Defendants below, include Edward L. Arnold, County Commissioner, William G. Carpenter, County Commissioner, Rose Marie Swanger, County Commissioner, Jamie A. Wolgemuth,  County Administrator, Adrienne C. Snelling, County Solicitor, Gary Robson, County Personnel Director, and Paul D. Zechman, Chief County Detective.

appropriate motion whether Inmate waived all issues on appeal.[2]  Pennsylvania Rule of Appellate Procedure 1925(b)(4)(vii) provides:  "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."  Pa.R.A.P. 1925(b)(4)(vii).  Upon review, we conclude that the trial court did not abuse its discretion in denying Inmate's request to file a concise statement *nunc pro tunc*.  Accordingly, all issues presented on appeal are waived and so we must affirm.[3]

The relevant background is as follows.  Inmate's present action originated with a 2007 criminal trial in which he was prosecuted and convicted.  In 2018, Inmate filed a complaint in Commonwealth Court against Appellees averring that a county detective gave false testimony regarding his credentials at the 2007 trial resulting in Inmate's conviction and causing Inmate to sustain damages. *Simonton v. Edward L. Arnold* (Pa. Cmwlth., No. 453 M.D. 2018, filed July 5, 2018).  In the 2018 complaint, Inmate asserted negligence by vicarious liability and negligent infliction of emotional distress.  In July 2018, this Court transferred the case to the trial court.[4]

---

[2] March 30, 2023 Commonwealth Ct. Order.  Inmate did not address the issue in his May 2023 principal brief, despite being granted an extension in which to file that brief.  May 2, 2023 Commonwealth Ct. Order.  However, Inmate addressed the issue in his August 2023 filing titled "Traverse to Courts Brief."  Appellees addressed the issue in their June 2023 principal brief.

[3] *See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 223 (Pa. Super. 2014) (*en banc*) (affirming trial court where appellant failed to comply timely with the trial court's order to file a concise statement).

[4] In pertinent part, the order provided:

> [U]pon consideration of [the] Complaint, Tort Action, in which [Inmate] seeks money damages for alleged negligence, and it appearing that such actions are properly commenced in the court of common pleas, . . . , and it further appearing that the alleged cause

**(Footnote continued on next page…)**

In a July 2019 order, the trial court sustained Appellees' preliminary objections and dismissed Inmate's complaint with prejudice. In addition, the trial court denied Inmate's motion for judgment on the pleadings. On August 16, 2019, Inmate filed a notice of appeal in Commonwealth Court from the trial court's July 2019 order. On August 23, 2019, the trial court issued an order directing Inmate to file a concise statement within twenty-one days. However, Inmate never responded to that order.

In January 2023, Appellees filed a motion to dismiss for failure to file a concise statement and for docket inactivity in excess of two years with the trial court.[5] Approximately four years after the trial court's August 2019 order directing Inmate to file a concise statement, he filed a February 2023 response essentially requesting permission to file a concise statement *nunc pro tunc*. The trial court denied Inmate's request. Feb. 13, 2023 Trial Ct. Order.

Pennsylvania Rule of Appellate Procedure 1925(b)(2), Pa.R.A.P. 1925(b)(2), expressly empowers trial courts to grant *nunc pro tunc* relief for concise statements where it perceives a breakdown in the process that constitutes extraordinary circumstances. Rule 1925(b)(2) provides:

---

of action arose in Lebanon County and that venue may lie in that county, this case is hereby transferred to the Court of Common Pleas of Lebanon County.

July 5, 2018 Commonwealth Ct. Order, *Simonton* (Pa. Cmwlth., No. 453 M.D. 2018, filed July 5, 2018).

[5] With regard to the docket inactivity, absent an opinion rendered pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), there should have been no docket activity in Lebanon County following the 2019 notice of appeal to this Court. Consequently, it would have been improper to dismiss Inmate's action for lack of docket activity.

The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, *but is not limited to*, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. *In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement nunc pro tunc*.

Pa.R.A.P. 1925(b)(2) (emphasis added).

In Inmate's February 2023 response and request not to have his case deemed abandoned, Inmate represented to the trial court:

[Inmate] argues that his legal aide was transfered [sic] to another [Department of Corrections] and wasn't able to continue contact and was unawhere [sic] that a concise statement was never filed.

[Inmate] argues that he wasn't given any notice that the concise statement was never filed, until 30 months or so had passed and was to assume it was dismissed.

[Inmate] argues that this case should not be deemed abandoned and had he been notified by the courts, a response would have been filed well within the 14 days allowed.

Inmate's Feb. 8, 2023 Response at 1-2.

Before this Court, Inmate averred that he never received the trial court's August 2019 order directing him to file a concise statement. This is different from his representation to the trial court that he was unaware that a concise statement had never been filed. Inmate's Aug. 7, 2023 Traverse Br. at 1. In any event, Inmate

4

averred that when the failure to file a concise statement was brought to his attention in February 2023, he immediately made a request of the trial court for permission to file one.

Notwithstanding Inmate's representations that he never received the trial court's August 2019 order directing him to file a concise statement, the record reflects that Inmate was served with that order. *See* Aug. 23, 2019 Trial Ct. Order, Cert. of Serv. The address on the certificate of service is the same one that Inmate used in an October 2023 filing with this Court: Terry Simonton, Jr., #HH1155, S.C.I. Rockview, 1 Rockview Place, Bellefonte, PA 16823. Under these circumstances, we conclude that the trial court did not abuse its discretion in denying Inmate's request to file a concise statement *nunc pro tunc*[6] and thus that all issues on appeal are waived.

Accordingly, we affirm.

---

[6] To the extent that the trial court entered orders after Inmate filed his 2019 notice of appeal, it lacked jurisdiction to act but for rendering an opinion pursuant to Pa.R.A.P. 1925(a). *See* Pa.R.A.P. 1701(a) (after an appeal is filed, the trial court may no longer proceed in a matter). In addition, anything filed with the trial court after the August 2019 notice of appeal, including any purported notices of appeal, is not pertinent to the instant appeal and, therefore, void and/or moot. To be clear, however, there is no relief for Inmate on the merits. Among other things, his claims are barred by the two-year statute of limitations for negligence actions because the actions complained of took place in 2007. *See* Section 5524(7) of the Judicial Code, 42 Pa.C.S. § 5524(7).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Terry Simonton, Jr., | : |
| Appellant | : |
| v. | : No. 1888 C.D. 2019 |
| | : |
| Edward L. Arnold, County | : |
| Commissioner, William G. Carpenter, | : |
| County Commissioner, Rose Marie | : |
| Swanger, County Commissioner, | : |
| Jamie A. Wolgemuth, County | : |
| Administrator, Adrienne C. Snelling, | : |
| County Solicitor, Gary Robson, County | : |
| Personnel Director, and Paul D. Zechman, | : |
| Chief County Detective | : |

**PER CURIAM**                    **O R D E R**


AND NOW, this 17th day of January, 2024, the order of the Court of Common Pleas of Lebanon County is hereby AFFIRMED.