J-S06034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| LYNN M. BURKE | : | |
| Appellant | : | No. 1795 EDA 2021 |

Appeal from the Order Entered August 6, 2021
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2019-11865-CT

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                **FILED MARCH 24, 2022**

Appellant, Lynn M. Burke, appeals *pro se* from the order entered in the Chester County Court of Common Pleas, granting summary judgment in favor of Appellee, De Lage Landen Financial Services, Inc. ("DLL"). We affirm.

The relevant facts and procedural history of this appeal are as follows. On November 25, 2019, DLL filed a complaint against Appellant for breach of contract, or alternatively unjust enrichment, alleging that Appellant failed to make payments owed for certain equipment she leased. Appellant filed an answer on January 24, 2020. On April 23, 2021, DLL filed a motion for summary judgment. The court granted summary judgment in favor of DLL on August 6, 2021, in the amount of $17,053.21, plus interest. On Tuesday, September 7, 2021 (the day after Labor Day), Appellant timely filed a notice of appeal. On September 24, 2021, the court ordered Appellant to file a

concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant did not comply with the court's order.

Appellant raises one issue for our review:

> May the Court of Common Pleas grant a motion for summary judgment in favor of [DLL] where there is an upcoming arbitration hearing pending and there are substantial material facts challenging the authenticity of the lease agreement and confirmation of assignment documents submitted by [DLL]?

(Appellant's Brief at 1-2).

Preliminarily, we observe as a general rule, in civil cases, the appellant's failure to comply with the minimal requirements of Rule 1925(b) will result in automatic waiver of the issues raised on appeal. **Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224-25 (Pa.Super. 2014) (*en banc*) (holding appellant waived all issues on appeal where appellant submitted court-ordered Rule 1925(b) statement three days late, without court-ordered extension). Nevertheless, Rule 1925 allows this Court to remand in civil cases to cure defects in Rule 1925 practice, "upon application of the appellant and for good cause shown…for the filing *nunc pro tunc* of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion." **See** Pa.R.A.P. 1925(c)(2).

Instantly, by order entered on September 24, 2021, the court directed Appellant to file a Rule 1925(b) statement within 21 days. To date, Appellant has not complied with the court's order. Consequently, in its Rule 1925(a)

opinion, the trial court deemed all issues waived on appeal. (**See** Trial Court Opinion, filed 10/21/21, at 1). Appellant does not address her failure to file the court-ordered Rule 1925(b) statement in her appellate brief. As well, Appellant did not file in this Court an application based on "good cause" for *nunc pro tunc* relief. **See** Pa.R.A.P. 1925(c)(2). Thus, Appellant waived her issue on appeal. **See Presque Isle Downs, Inc., supra**. Accordingly, we affirm.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2022