J-A24004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMIEN J. JACKSON | : | |
| | : | |
| Appellant | : | No. 2368 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 18, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001078-2021

BEFORE: PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED OCTOBER 18, 2022**

Appellant, Damien J. Jackson, appeals *pro se* from the judgment of sentence of 3 to 23 months' incarceration, imposed after a jury convicted him of his third offense of driving under the influence of alcohol (DUI), 75 Pa.C.S. § 3802(a)(1). After careful review, we deem Appellant's issues waived. Accordingly, we affirm his judgment of sentence.

Appellant was charged with several counts of DUI on January 12, 2021. Two of the charges were dismissed prior to trial. Appellant proceeded to a jury trial on the remaining DUI count on October 21 and 22, 2021. At the close thereof, the jury convicted Appellant. On November 18, 2021, he was

sentenced to 3 to 23 months' incarceration, plus fines and costs. Appellant filed a timely, *pro se* notice of appeal.[1]

On November 24, 2021, the court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Therein, the court notified Appellant that "[a]ny issue not properly included in this statement timely filed and served pursuant to Pa.R.[A].P. 1925(b) shall be deemed waived." Order, 11/24/21, at 1 (single page).[2] Further, the court's order informed Appellant that his statement must be served upon the court, and "filed of record[,]" within 21 days of the date of the order. ***Id.***

On February 22, 2022, the court filed a Rule 1925(a) opinion stating that Appellant never filed and served upon the court a Rule 1925(b) statement. ***See*** Trial Court Opinion (TCO), 2/22/22, at 2 (unnumbered). The court noted that its Rule 1925(b) order had been served on Appellant by First Class Mail. ***Id.*** at 4. The court also pointed out that Appellant had clearly

---

[1] On November 17, 2021, Appellant filed a *pro se*, premature notice of appeal. Pennsylvania Rule of Appellate Procedure 905(a)(5) provides: "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Accordingly, we have corrected the docket to reflect that the appeal lies from the judgment of sentence imposed on November 18, 2021.

[2] ***See Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (holding that, "[i]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[;] … therefore, we look first to the language of that order") (citations omitted).

received the Rule 1925(b) order, as it had received "correspondence" from an individual named "Ms. Monica Janiece Jones[,]" who purported to be the "Power of Attorney" for Appellant. *Id.* at 5. In that correspondence, Ms. Jones included a document entitled, "Statement of Errors Complained of on Appeal under [R]ule 1925(b) and a request for extension for good cause shown pursuant to Pa.R.A.P. 1922(b)[.]" *Id.* However, the court did not accept that document as Appellant's Rule 1925(b) statement because it "was not filed with the Office of Judicial Support" and "Ms. Jones is not an attorney and not licensed to practice [law] in the Commonwealth of Pennsylvania." *Id.*[3]

In light of Appellant's failure to properly file a Rule 1925(b) statement, the trial court concluded that he has waived any/all issues for our review. *Id.* at 4. We agree. The fact that Appellant is proceeding *pro se* does not give him license to ignore the relevant rules of procedure. *See Faretta v. California*, 422 U.S. 806 (1975) (stating that the right of self-representation does not give a litigant license to refuse to comply with relevant rules of procedure and substantive law). When the trial court ordered Appellant to file a Rule 1925(b) statement, he was required to do so, and any issues not raised in that statement were waived on appeal. Pa.R.A.P. 1925(b)(1), 1925(b)(4)(vii). Appellant did not file a 1925(b) statement and, thus, he preserved no issues for our review. While Rule 1925(c)(3) gives recourse in

---

[3] Additionally, the court observed that Ms. Jones's correspondence was "a 17-page document that fails to concisely state errors complained of on appeal." TCO at 5.

the form of remand to appellants whose *counsel* acts ineffectively in failing to file a Rule 1925(b) statement, that section is inapplicable to Appellant's case because he was proceeding *pro se*. Pa.R.A.P. 1925(c)(3). Appellant cannot claim that his representation of himself was ineffective and, accordingly, Appellant's failure to file a concise statement of errors complained of on appeal resulted in waiver of the issues he herein raises. ***See Faretta***, 422 U.S. at 834 n.46 ("[W]hatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"). Accordingly, we affirm his judgment of sentence.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2022

---

[4] Appellant requested oral argument, and his case is listed for argument on October 18, 2022. In light of our disposition, we hereby strike Appellant's case from the oral argument list scheduled for that day.

- 4 -