J-S09014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANETA MORIARTY | : | |
| | : | |
| Appellant | : | No. 822 WDA 2022 |

Appeal from the Judgment of Sentence Entered June 13, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-SA-0000092-2022

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: MAY 23, 2023**

Appellant, Aneta Moriarty, purports to appeal from the June 13, 2022 judgment of sentence for her summary conviction of driving with a suspended license.  Because we cannot ascertain from which order Appellant is actually appealing, and her brief wholly fails to comport with the Rules of Appellate Procedure, we are compelled to quash.

Briefly, on March 15, 2022, Appellant was found guilty by a magisterial district court of driving with a suspended license, a summary offense under 75 Pa.C.S. § 1543(a).  Appellant did not file a notice of appeal to the Westmoreland County Court of Common Pleas for a trial *de novo* on or before April 14, 2022, which was the 30th day after her summary conviction.  **See** Pa.R.Crim.P. 460(A) ("When an appeal is authorized by law in a summary proceeding, including an appeal following a prosecution for violation of a municipal ordinance that provides for imprisonment upon conviction or upon

failure to pay a fine, an appeal shall be perfected by filing a notice of appeal within 30 days after the entry of the guilty plea, the conviction, or other final order from which the appeal is taken.").

On April 19, 2022, Appellant filed a motion to appeal the summary conviction *nunc pro tunc* with the trial court.[1] On June 13, 2022, the trial court held a hearing to determine whether *nunc pro tunc* relief should be granted. Ultimately, the court denied Appellant's petition for *nunc pro tunc* relief on the grounds that the summary appeal was untimely filed, thus affirming her conviction for the summary offense of driving without a license. Appellant filed a timely motion for reconsideration on June 23, 2022. She then filed a notice of appeal on July 12, 2022. The trial court denied her motion for reconsideration on July 21, 2022.

We cannot discern from Appellant's *pro se* notice of appeal what order she is appealing. Appellant styled her notice of appeal as an eight-page letter. Therein, she discusses various orders and decisions entered throughout the course of this case. She attaches to her appeal multiple documents, including an order entered by the trial court on December 19, 2017, as well as an order entered by the Commonwealth Court on April 23, 2021. She also attached to her appeal the docket for her case at number CP-65-SA-0000092-2022 (hereinafter, case "92-2022"), wherein the judgment of sentence was entered

_____

[1] The timestamp on the back of the motion sets forth a date of April 26, 2022, but the trial court docket indicates that the *nunc pro tunc* petition was filed on April 19, 2022.

against Appellant on June 13, 2022, in the form of the court's denying her motion to appeal her summary conviction *nunc pro tunc*.

In light of the ambiguity regarding what order Appellant is appealing, this Court issued a rule to show cause order on December 12, 2022, directing Appellant "to clarify whether she is appealing from the Commonwealth Court's April 23, 2021 order or whether she is appealing from Judgment of Sentence entered against her on June 13, 2022 at [case] … 92-2022." Order, 12/12/22, at 2 (unnumbered). We further directed Appellant to clarify, if she is appealing from the Commonwealth Court's April 23, 2021 order, why her appeal "should not be transferred to the Pennsylvania Supreme Court." ***Id.***; ***see also*** 42 Pa.C.S. § 724(a) (stating that final orders of the Commonwealth Court may be reviewed upon allowance by the Pennsylvania Supreme Court); 42 Pa.C.S. § 5103(a) (directing that, if an appeal is taken to or brought in a court of this Commonwealth that does not have jurisdiction of the appeal, the court "shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth"). Appellant did not file any response to the rule to show cause order. On February 17, 2023, we discharged that order and referred the appeal to this panel.

Now, having reviewed Appellant's notice of appeal, her *pro se* brief, and all documents attached thereto, we are no clearer on what order/decision she is attempting to appeal. Initially, we observe that Appellant fails to comply with the briefing requirements set forth in our Rules of Appellate Procedure. She styles her brief as a two-page letter to this Court, and does not include

any of the briefing sections mandated in Rules 2114 through 2119. Appellant also does not cite or discuss any legal authority to support her general request that we reinstate her driver's license. At the outset of her brief, she discusses the initial suspension of her license that ostensibly occurred on June 8, 2021. *See* Appellant's Brief at 1 (unnumbered). She then explains the circumstances leading to her summary conviction for driving with a suspended license in case 92-2022, and the fact that she attempted to appeal to the Westmoreland County Court of Common Pleas for a trial *de novo*. *Id.* Next, Appellant states that the trial court restored her driver's license in December of 2019, but the Commonwealth Court reversed that decision. *Id.* at 2 (unnumbered). Appellant contends that the Commonwealth Court's decision was "not accurate nor legally binding[,]" and she also complains that she "was not notified about this nor [told] anything about this [until] recently…." *Id.* Finally, Appellant refers back to the trial court's denial of her attempt to appeal *nunc pro tunc* from her summary conviction in case 92-2022. *Id.*

Based on Appellant's vague notice of appeal, her failure to respond to our rule to show cause order directing her to clarify what order she is appealing, her confusing argument in her *pro se* brief that lends no clarity to this question, and her failure to adhere to any of the applicable Rules of Appellate Procedure, we conclude that quashal is appropriate.[2]

_____

[2] We note that, even if we considered Appellant's appeal as being timely-filed from her June 13, 2022 summary conviction in case 92-2022, we would deem

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2023

_____

her claims waived based on her failure to respond to the trial court's order for her to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court issued an order on August 1, 2022, directing Appellant to file a concise statement within 21 days, and notifying her that "[a]ny issue not properly included in the concise statement which is timely filed and served pursuant to [Rule] 1925(b) shall be deemed to be waived." Order, 8/1/22, at 1-2 (unnumbered); *see **Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**,* 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (holding that, "[i]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[;] … therefore, we look first to the language of that order") (citations omitted). Appellant did not comply with that order and, therefore, we would conclude that she waived her appellate issues for our review. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").