J-A05029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JANET FISHER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| WARREN WILKERSON, 1ST FLOOR | : | |
| ANY AND ALL OCCUPANTS, ANY AND | : | |
| ALL OCCUPANTS 2ND FLOOR, ANY | : | |
| AND ALL OCCUPANTS 3RD FLOOR | : | |
| | : | |
| Appellees | : | No. 1847 EDA 2023 |

Appeal from the Judgment Entered October 30, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 210101789

BEFORE: DUBOW, J., KING, J., and LANE, J.

JUDGMENT ORDER BY KING, J.:          **FILED FEBRUARY 15, 2024**

Appellant, Janet Fisher, appeals from the judgment entered in the Philadelphia County Court of Common Pleas, in favor of Appellee, Warren Wilkerson. We affirm.

The relevant facts and procedural history of this case are as follows. Appellant and Appellee were in a dating relationship. In October 2006, Appellant purchased real property at a District Attorney's auction, with $40,000.00 of Appellee's money.[1] The parties agreed to fix up the property and use it as a rental property. Appellee paid for the renovations and

_____

[1] According to Appellee, he could not purchase the property from the auction due to a criminal record, so only Appellant's name was on the deed. (***See*** Appellee's Brief at 5-6).

managed the property from 2009 through 2021. Ultimately, Appellant and Appellee broke off their relationship. According to Appellant, "Appellee assumed possession and control of the property[.]" (Appellant's Brief at 11).

On January 24, 2021, Appellant filed an ejectment action against Appellee. Appellee filed an answer with new matter and a counterclaim based on unjust enrichment, on May 20, 2021. On May 24, 2021, Appellant filed an answer to the new matter and counterclaim. On September 19, 2022, the date scheduled for a bench trial, Appellant failed to appear. Thus, the court proceeded to hear only Appellee's evidence regarding his claim of unjust enrichment. At the conclusion of trial, the court entered a judgment of *non pros* against Appellant on her ejectment action. Appellant subsequently filed a motion for reconsideration and to open the *non pros*, which the court denied on November 7, 2022. On May 19, 2023, the court issued findings of fact and conclusions of law regarding Appellee's unjust enrichment claim, entered a verdict in favor of Appellee, and awarded Appellee $85,000.00 in damages.

Appellant timely filed post-trial motions on May 30, 2023 (the day after Memorial Day), which the court denied on June 13, 2023. Appellant filed a notice of appeal on July 11, 2023.[2] On August 7, 2023, the court ordered

---

[2] Appellant improperly appealed from the order denying her post-trial motions, prior to entry of final judgment. *See Prime Medica Associates v. Valley Forge Ins. Co.*, 970 A.2d 1149, 1154 n.6 (Pa.Super. 2009), *appeal denied*, 605 Pa. 688, 989 A.2d 918 (2010) (explaining that appeal properly lies from entry of judgment following disposition of post-trial motions). Following a
*(Footnote Continued Next Page)*

Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b), within 21 days.[3]  Appellant filed her concise statement on August 29, 2023.

Preliminarily, we observe as a general rule, in civil cases, the appellant's failure to comply with the minimal requirements of Rule 1925(b) will result in **automatic waiver** of the issues raised on appeal.  ***Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224-25 (Pa.Super. 2014) (*en banc*) (holding appellant waived all issues on appeal where appellant submitted court-ordered Rule 1925(b) statement three days late, without court-ordered extension).  Nevertheless, Rule 1925 allows this Court to remand in civil cases to cure defects in Rule 1925 practice, "upon application of the appellant and for good cause shown…for the filing *nunc pro tunc* of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion."  **See** Pa.R.A.P. 1925(c)(2).

Instantly, on August 7, 2023, the court ordered Appellant to file a Rule 1925(b) statement within 21 days.  The order expressly advised Appellant that the failure to timely file and serve her concise statement would result in

_____

directive from this Court, however, Appellant filed a *praecipe* for entry of judgment.  We can relate Appellant's appeal forward to the date judgment was entered on October 30, 2023.  **See** Pa.R.A.P. 905(a)(5) (stating notice of appeal filed after announcement of determination but before entry of appealable order shall be treated as filed after such entry and on day thereof).

[3] The record confirms that Pa.R.C.P. 236 notice was given on August 7, 2023.

- 3 -

waiver. Although Appellant's Rule 1925(b) statement was due by August 28, 2023, she did not file it until August 29, 2023, one day late. The trial court deemed all of Appellant's issues on appeal waived on this basis. (**See** Trial Court Opinion, dated 9/5/23, at 1). We agree with the trial court's reasoning. Although Appellant baldly contends that she filed her concise statement on the due date (**see** Appellant's Brief at 11-12), the record belies her claim.[4] Additionally, Appellant did not file in this Court an application based on "good cause" for *nunc pro tunc* relief. **See** Pa.R.A.P. 1925(c)(2). Thus, Appellant waived her issues on appeal. **See Presque Isle Downs, Inc., supra**. Accordingly, we affirm and strike this case from the argument list.

Judgment affirmed. Case stricken from argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/15/2024

---

[4] While Appellant's Rule 1925(b) statement is dated August 28, 2023, it was not filed until the next day, August 29, 2023, at 10:28 a.m.