J-A05027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: DORIAN TISDALE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: DORIAN TISDALE | : | No. 446 EDA 2023 |

Appeal from the Order Entered February 17, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-MD-0004414-2022

BEFORE:  DUBOW, J., KING, J., and LANE, J.

JUDGMENT ORDER BY KING, J.:                    **FILED MARCH 25, 2024**

Appellant, Dorian Tisdale, appeals from the order entered in the Philadelphia County Court of Common Pleas, denying his motion for return of property.  We remand with instructions.

The relevant facts and procedural history of this case are as follows.  On October 18, 2022, Appellant filed a petition seeking the return of property pursuant to Pa.R.Crim.P. 588.  Specifically, Appellant sought the return of a firearm that was seized from him when he was arrested in a separate matter on March 5, 2022.  The charges against Appellant in that proceeding were ultimately withdrawn.  The court held a hearing on the motion on February 17, 2023, after which the court denied relief.  Appellant timely filed a notice of appeal that day.  Also on that day, the court ordered Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b), within 21 days.

On April 19, 2023, Appellant's counsel filed a motion seeking an extension of time to file his concise statement, explaining why counsel had failed to file the statement sooner, and attaching a late Rule 1925(b) statement for the court's consideration.[1]

Appellant raises one issue for our review:

> Did the [trial] court commit an error of law in finding that Appellant was not entitled to the return of his firearm because he was not licensed/had lawful possession at the time of his arrest?

(Appellant's Brief at 4).

Preliminarily, we observe as a general rule, in civil cases, the appellant's failure to comply with the minimal requirements of Rule 1925(b) will result in automatic waiver of the issues raised on appeal. *Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224-25 (Pa.Super. 2014) (*en banc*) (holding appellant waived all issues on appeal where appellant submitted court-ordered Rule 1925(b) statement three days late, without court-ordered extension). Nevertheless, Rule 1925 allows this Court to remand in civil cases to cure defects in Rule 1925 practice, "upon application of the appellant and for good cause shown…for the filing *nunc pro*

---

[1] The motion alleged that following the filing of Appellant's notice of appeal, Appellant's counsel's mother became terminally ill and ultimately passed away. Due to circumstances surrounding counsel's mother's illness, and because counsel did not receive a copy of the transcript from the hearing until March 22, 2023 (after the concise statement was due), counsel sought to file the attached concise statement late. (*See* Motion to File Late Statement of Errors, filed 4/19/23, at 1).

*tunc* of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion." **See** Pa.R.A.P. 1925(c)(2).

Instantly, on February 17, 2023, the court ordered Appellant to file a Rule 1925(b) statement within 21 days. On April 19, 2023, Appellant filed a motion seeking an extension, and attaching a late Rule 1925(b) statement for the court's consideration. Also on April 19, 2023, the trial court issued its Rule 1925(a) opinion, asserting that Appellant had waived all issues for failure to comply with the court's Rule 1925(b) order. Although the court filed its Rule 1925(a) opinion on the same day as Appellant's extension request, Appellant claims he filed the motion seeking an extension of time **before** the court filed its Rule 1925(a) opinion. (**See** Appellant's Reply Brief at 3-4). The court's Rule 1925(a) opinion does not mention the motion for an extension, and we cannot confirm on the record before us whether the court had received Appellant's motion for an extension prior to filing its Rule 1925(a) opinion.

Under these circumstances, the best resolution is to remand for the trial court to consider Appellant's extension request alleging good cause for the belated filing. **See** Pa.R.A.P. 1925(c)(2). If the court accepts the Rule 1925(b) statement, it shall file a supplemental opinion within 30 days addressing all properly preserved issues. If the court declines to accept the late statement, it shall explain its rationale in the supplemental opinion.

Case remanded with instructions. Panel jurisdiction is **retained**.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/25/2024