J-A13004-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GLENN A. KIRK, IV | : | |
| | : | |
| Appellant | : | No. 625 WDA 2025 |

Appeal from the Judgment of Sentence Entered April 22, 2025
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-SA-0000035-2025

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED: APRIL 30, 2026**

Glenn A. Kirk IV appeals, *pro se*, from the April 22, 2025 judgment of sentence imposing $299 fines after he was convicted of driving an unregistered vehicle, driving while operating privilege was suspended or revoked, failing to provide evidence of emission and inspection, and refusing to provide vehicle inspection. As all of Appellant's issues are waived, we affirm.

On November 9, 2024, Pennsylvania State Trooper Gage Fedora charged Appellant with six summary violations of the Pennsylvania Vehicle Code ("Vehicle Code") following a traffic stop conducted in Washington County. In addition to the four above-noted offenses, Trooper Gage charged Appellant with failing to exhibit a driver's license on demand and operating a motor vehicle without required financial responsibility.

Following his summary convictions on all six counts in magisterial district court, Appellant exercised his right to summary appeal in the Court of Common Pleas of Washington County. Prior to the *de novo* trial, Appellant challenged the trial court's jurisdiction and asserted that the Vehicle Code only applied to people engaging in commercial activity. On April 22, 2025, the Honorable Traci L. McDonald rejected Appellant's procedural challenges, acquitted him of failing to carry a license, and rendered guilty verdicts on the remaining offenses.[1]

Appellant timely filed a notice of appeal, and the trial court issued a Pa.R.A.P. 1925(b) order directing him to file and serve a Rule 1925(b) statement within twenty-one days of the order. While the order satisfied the requirements of Pa.R.A.P. 1925(b)(3)(i)-(iv)[2] and the clerk of court noted the

---

[1] On May 5, 2025, Judge McDonald entered an amended order stating that the charge concerning the operation of a vehicle without proof of financial responsibility was dismissed with the consent of the Commonwealth. ***See*** Order 5/5/25.

[2] Rule 1925(b)(3) provides:

*Contents of order.* The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can

*(Footnote Continued Next Page)*

date of service on the docket pursuant to Pa.R.Crim.P. 114(C), Appellant neglected to file the concise statement of record. Notwithstanding that failure, Judge McDonald issued a Rule 1925(b) opinion referencing "[Appellant's] Concise Statement of Matters Complained of On Appeal" and addressing the various procedural challenges Appellant raised.[3] **See** Trial Court Opinion, 6/27/25, at 2 (pagination supplied). Appellant did not seek to belatedly file a Rule 1925(b) statement, and the record was transmitted to this Court.

Appellant presents nine issues for our review:

1. Did the prosecution prove in personam jurisdiction?

2. Does the trial court have subject matter jurisdiction?

3. Did the trial court violate [A]ppellant's Constitutionally protected rights?

4. Did the trial court violate the Fifth Amendment Taking's Clause?

_____

mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3).

[3] Appellant is a serial offender of the Vehicle Code, and this Court is currently reviewing five largely identical appeals, three of which involve rulings issued by Judge McDonald. Thus, it is not clear from the record whether Judge McDonald's reference to Appellant's arguments relates to a statement she was served in this matter pursuant to Rule 1925(b) or if she simply is familiar with Appellant's arguments based upon her prior interactions with him. Regardless, as outlined in the body of this memorandum, Appellant's failure to file his Rule 1925(b) statement of record is fatal to this appeal.

5. Did the trial court engage [A]ppellant in a Bill of Attainder?

6. Did the trial court follow the principle of *stare decisis*?

7. Did the trial court violate [A]ppellant's right to due process of law?

8. Did the prosecution state a cause of action for which relief may be granted?

9. Were the traffic stops illegal according to standing Pennsylvania Supreme Court case law?

Appellant's brief at 13-14.

At the outset, we review whether Appellant has waived his claims by failing to comply with Rule 1925(b). Generally, an appellant's failure to comply with Pa.R.A.P. 1925(b) will result in waiver of the issues raised on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

There is no dispute that Appellant did not file a Rule 1925(b) statement. Pursuant to Judge McDonald's May 22, 2025 Rule 1925(b) order, the statement was required to be filed with the clerk of courts and served upon the trial judge within twenty-one days of the entry of the order. As noted, Appellant failed to comply with this directive. It is of no import that Appellant may have served the statement on the trial court or that Judge McDonald issued an opinion addressing Appellant's known claims. **See e.g., Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225

(Pa.Super. 2014) ("even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived"); **Commonwealth v. Echevarria**, 273 A.3d 1069 (Pa. Super. 2022) (non-precedential decision) (finding waiver where the appellant served trial court with a copy of concise statement but failed to file it pursuant to Rule 1925(b)).

Moreover, as a *pro se* litigant, Appellant is not entitled to the narrow protections that Rule 1925(c)(3) carves in criminal cases where counsel fails to comply with an order directing an appellant to file a concise statement. Plainly, Appellant is not represented by counsel and he cannot assert his own ineffectiveness. **Commonwealth v. Mendoza**, 859 WDA 2025, 2026 WL 194288, at *3 (Pa.Super. 2026) (non-precedential decision) ("[appellant's] status as a *pro se* litigant does not entitle him to any advantage due to his lack of legal training") (citation omitted). Hence, Appellant's issues are waived pursuant to Rule 1925(b)(4)(vii) due to his failure to file the court-ordered concise statement.

As Appellant waived all issues for purposes of this appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed. Case removed from the argument list.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/30/2026