J-A13002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| GLENN A. KIRK, IV. | : | |
| Appellant | : | No. 1592 WDA 2024 |

Appeal from the Judgment of Sentence Entered November 25, 2024
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-SA-0000189-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| GLENN A. KIRK | : | |
| Appellant | : | No. 95 WDA 2025 |

Appeal from the Judgment of Sentence Entered December 19, 2024
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-SA-0000170-2024

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.:                                    **FILED: MAY 1, 2026**

In these consolidated *pro se* appeals, Glenn A. Kirk IV challenges the November 25, 2024 and December 19, 2024 judgments of sentence imposing an aggregate $500 fine following his convictions at unrelated criminal dockets of two counts of driving an unregistered vehicle, and one count each, driving

without a license, and driving while operating privilege is suspended or revoked.[1] As all of Appellant's issues are waived, we affirm.

These appeals stem from motor vehicle traffic stops that occurred in Washington County on June 5, 2024, and July 10, 2024, respectively. During both stops, Appellant was charged with summary violations of Pennsylvania's Vehicle Code ("Vehicle Code"). Specifically, on June 5, 2024, Pennsylvania State Trooper Dustin Fidazzo charged Appellant with driving an unregistered vehicle and driving without a license. Likewise, on July 10, 2024, Charleroi Regional Police Officer Marcus Richardson charged Appellant with driving an unregistered vehicle and driving while operating privilege is suspended or revoked. Appellant was convicted of all four summary offenses in magisterial district court and exercised his right to summary appeal in the Court of Common Pleas of Washington County.

After presiding over separate *de novo* trials for the respective cases on November 24, 2024 and December 19, 2024, the Honorable Traci L. McDonald rendered guilty verdicts on all four counts. Appellant timely filed notices of appeal, and the trial court issued Pa.R.A.P. 1925(b) orders directing him to file and serve Rule 1925(b) statements within twenty-one days of the orders.

---

[1] Specifically, the trial court imposed $25 each for the driving an unregistered vehicle and driving without a license convictions that form the basis of the appeal docketed at 1592 WDA 2024 and $200 each for the driving an unregistered vehicle and driving while operating privilege is suspended or revoked offenses implicated in the appeal docketed at 95 WDA 2025.

While the orders satisfied the requirements of Pa.R.A.P. 1925(b)(3)(i)-(iv)[2] and the clerk of court noted the dates of service on the docket pursuant to Pa.R.Crim.P. 114(C), Appellant neglected to file the concise statements of record. Notwithstanding that failure, Judge McDonald issued Rule 1925(b) opinions addressing Appellant's various challenges.[3] Appellant did not seek

_____

[2] Rule 1925(b)(3) provides:

> *Contents of order.* The judge's order directing the filing and service of a Statement shall specify:
>
> (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
> (ii) that the Statement shall be filed of record;
>
> (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and
>
> (iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3).

[3] Appellant is a serial offender of the Vehicle Code, and this Court is currently reviewing five largely identical appeals, three of which involve rulings issued by Judge McDonald. Thus, it is not clear from the record whether Judge McDonald was served concise statements in these matters pursuant to Rule 1925(b) or if she simply is familiar with Appellant's arguments based upon her prior interactions with him. Regardless, as outlined in the body of this memorandum, Appellant's failure to file his Rule 1925(b) statements of record is fatal to these appeals.

to belatedly file a Rule 1925(b) statement, and the record was transmitted to this Court.

In his consolidated brief, Appellant presents nine issues for our review:

1. Did the prosecution prove in personam jurisdiction?

2. Does the trial court have subject matter jurisdiction?

3. Did the trial court violate [A]ppellant's Constitutionally protected rights?

4. Did the trial court violate the Fifth Amendment Taking's Clause?

5. Did the trial court engage [A]ppellant in a Bill of Attainder?

6. Did the trial court follow the principle of *stare decisis*?

7. Did the trial court violate [A]ppellant's right to due process of law?

8. Did the prosecution state a cause of action for which relief may be granted?

9. Were the traffic stops illegal according to standing Pennsylvania Supreme Court case law?

Appellant's brief at 11-12.

At the outset, we review whether Appellant has waived his claims by failing to comply with Rule 1925(b). Generally, an appellant's failure to comply with Pa.R.A.P. 1925(b) will result in waiver of the issues raised on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

There is no dispute that Appellant did not file the court-ordered Rule 1925(b) statements. It is of no import that Appellant may have served the statements on the trial court or that Judge McDonald issued opinions addressing Appellant's claims. ***See e.g., Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa.Super. 2014) ("even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived"); ***Commonwealth v. Echevarria***, 273 A.3d 1069 (Pa. Super. 2022) (non-precedential decision) (finding waiver where the appellant served trial court with a copy of the concise statement but failed to file it pursuant to Rule 1925(b)).

Moreover, as a *pro se* litigant, Appellant is not entitled to the narrow protections that Rule 1925(c)(3) carves in criminal cases where counsel fails to comply with an order directing an appellant to file a concise statement. Plainly, Appellant is not represented by counsel and he cannot assert his own ineffectiveness. ***Commonwealth v. Mendoza***, 859 WDA 2025, 2026 WL 194288, at *3 (Pa.Super. 2026) (non-precedential decision) ("[appellant's] status as a *pro se* litigant does not entitle him to any advantage due to his lack of legal training") (citation omitted). Hence, Appellant's issues are waived pursuant to Rule 1925(b)(4)(vii) due to his failure to file the court-ordered concise statements.

As Appellant waived all issues for purposes of these appeals, we affirm the judgments of sentence.

Judgments of sentence affirmed.  Case removed from the argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/1/2026